CITIZENS' RY. & LIGHT CO. v. ATWOOD et al.

(Court of Civil Appeals of Texas. Texarkana. June 15, 1911. Rehearing Denied July 1, 1911.)

1. DAMAGES (§ 216*)—PERSONAL INJURIES—FUTURE PAIN.

Where plaintiff testified that since he was hurt he had not been out of "a little misery, not to amount to anything to speak of; it deadens me; I can feel it at all times"—and that it had been practically continuous since he was hurt, such evidence justified an instruction on future suffering as an element of damage.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 552; Dec. Dig. § 216.*]

2. DAMAGES (§ 216*) — PERSONAL INJURIES — INSTRUCTIONS.

Though plaintiff testified that he was not physically able to follow his trade as a carpenter, such testimony was given merely as a description of his physical condition, not as proof of damages for diminished capacity to labor. The court charged that, if the jury found for plaintiff, they should assess damages in such an amount as, if paid now, would in their judgment be reasonable compensation for plaintiff's injuries, if any, and then charged the elements

that the jury were authorized to consider, not including diminished capacity to labor in the future. *Held*, that such instruction was not objectionable, as authorizing a recovery for impairment of future earning capacity.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 552; Dec. Dig. § 216.*]

3. JUDGMENT (§ 240*)—CODEFENDANTS—JOINT AND SEVERAL RECOVERY.

Where a tort is committed by several defendants, plaintiff's claim for damages is against each defendant; but he may at his option join one or all the tort-feasors in the action, and if he does charge that all the defendants committed the wrongful act, it is incumbent on him, in order to hold each liable, to prove that each committed the tort, and in the absence of proof of a common design and concert of action, each being liable for his own acts, plaintiff, though having charged a joint tort, may recover against such as are proved to be liable.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 423–425; Dec. Dig. § 240.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by John P. Atwood against the Citizens' Railway & Light Company and others. Judgment for plaintiff, and defendant Light Company appeals. Affirmed.

Flournoy, Smith & Storer, for appellant. Capps, Canty, Hanger & Short, for appellee Atwood.

LEVY, J. A hole had been dug for the erection of an electric light or telephone pole near the curb on one of the public streets of the city of Ft. Worth. The pole was never placed in the hole, and it was left for some time open and unguarded. Appellee fell into the hole one night, and received injuries for which he sued. The negligence charged was in permitting the hole to be left open and unguarded. All issues of fact were decided by the jury against appellant, and the evidence supports the findings.

[1] The court instructed the jury: "If you find in favor of plaintiff, you will assess his damages at such an amount as, paid now, will in your judgment be a fair and reasonable compensation to him for his injuries, if any, sustained by him on the occasion in question. In arriving at your verdict, you will take into consideration the physical suffering, if· any, caused the plaintiff by reason of said injuries, if any, and the reasonable value of the time, if any, lost since the accident and on account thereof; and if you believe from the evidence that the plaintiff has not yet recovered from said injuries, if any, and will hereafter suffer physical pain as a result of such injuries, if any, then you will take these facts into consideration in estimating the damages, if any you find.'" This last clause is complained of in the first assignment of error, upon the ground that there is no evidence that appellee would suffer any pain in the future. As to his physical condition at the time of the trial, appel-

lee testified: "I am physically all right at this time, outside of my still ailing in my hip and leg; not a blemish on my body outside of that; that is where I am weak. Since I got hurt I have not been out of a little misery, not to amount to anything to speak of; it deadens me; I can feel it at all times. I never was injured before. That has been practically continuous since I was hurt." "I am not physically able to follow my trade as a carpenter." It does appear, though, that he was doing other kinds of work. If it were true, as he says, that at the time of the trial he was "still ailing" in his hip and leg, and that it was of a deadening or numb sensation, that he could "feel it at all times," and "that has been practically continuous" since he was hurt, then there appears, we think, sufficient evidence of a reasonable certainty of some future suffering to require the submission of the issue to the jury, as was done. The intensity of the suffering, whether great or slight, and the duration, were to be considered by the jury, under the charge, from all the evidence, in estimating compensation. The assignment is overruled.

[2] The second assignment predicates error on the first paragraph of the court's charge on the measure of damages, upon the ground that it authorized a recovery for impairment of future earning capacity. The portion of the instruction complained of reads: "If you find in favor of plaintiff, you will assess the damages at such an amount as, paid now, will in your judgment be a fair and reasonable compensation to him for the injuries, if any, sustained by him on the occasion in question." The court followed this instruction by telling the jury what could be taken into consideration. Diminished capacity to labor in the future was not specified. It is true the appellee stated in his testimony, "I am not physically able to follow my trade as a carpenter;" but he was merely describing his physical condition at the time, and was not offering and insisting upon proof as damages for diminished capacity to labor in the future. The assignment is overruled.

[3] The court by its charge authorized a verdict for appellee against either the appellant or the telephone company upon the finding by the jury of which was guilty of the negligence charged proximately causing the injury. This charge is complained of in the third assignment of error, upon the contention that the petition charged that the negligence was the joint act of the four defendants impleaded, and it was error to authorize a finding of whether or not appellant alone was guilty of the negligence. The petition by proper interpretation charged that the wrongful act pleaded was committed by all of the defendants. If the tort was committed by all the defendants, then appellee's claim for damages was against each defendant, and he had the option of joining one, or any, or all, the tort-feasors in the action; but he was not bound to join them. Being a tort, the entirety of obligation which exists in the law of contracts does not obtain. Having charged that all the defendants committed the wrongful act, it was incumbent on appellee, in order to hold each liable to him, to prove that each committed the act. It is the established rule that, in the absence of a common design and concert of action on the part of defendants, each defendant is responsible for his own acts, and is in no degree responsible for the acts of the others or the damage caused by them. There was no evidence whatever of any joint negligence of the defendants. The evidence located the wrong charged by sharply drawn testimony either upon the appellant or the telephone company. The charge submitted the issue to the jury, and they found that appellant alone committed the wrong. So there was no error in submitting the finding to the jury, as done, and the assignment is overruled.

The judgment is ordered affirmed.