## LOUISIANA RY. & NAV. CO. OF TEXAS v. SMITH. (No. 3250.)

(Court of Civil Appeals of Texas. Texarkana. May 19, 1926. Rehearing Denied May 27, 1926.)

**1. Carriers ⊗══280(1).**

Carrier must exercise "very high degree of care" for safety of passengers—such care as persons of very high prudence would use, under similar circumstances.

**2. Carriers ⊗══318(1).**

Evidence *held* to warrant finding of serious and permanent injuries to railway passenger.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Action by O. M. Smith, as next friend of Bessie Smith, against the Louisiana Railway & Navigation Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Bessie Smith, about 18 years of age, and the daughter of O. M. Smith, was a passenger on appellant's east-bound passenger train from Hughes Springs to Patman Station, the latter being a flag station. The engineer, failing to get the conductor's signal to stop for Bessie Smith to alight, ran past the station at Patman about 250 yards. The train was backed up to the station for said passenger to alight. Bessie Smith brought the suit by her father as next friend, and, after alleging that she arose from her seat and was standing in the coach in a position near the door in order to leave the train at the station platform, then further alleged that the "employees of the defendant in charge of the operation of such train put such train in backward motion to the station at Patman Station, and when the coach in which plaintiff was riding reached the station and platform of the station, the employees of the defendant negligently and carelessly caused the coach to suddenly and violently lurch, and to be stopped with great and sudden violence, and with a great and sudden jerk and lurch of the coach, in such manner as to negligently and carelessly jerk and throw the said Bessie Smith violently against the fixtures of the car in which she was standing at such time," etc.

She claims to have received injuries permanent in their nature by being thrown against the straight edge of the car seat near which she was standing. The defendant filed a demurrer and exceptions to the petition, and pleaded a general denial, specially averring that in backing and stopping the train it was handled in a careful manner, and that there was no rough handling of it. The case was submitted to the jury on a general charge, and in keeping with their verdict the court entered judgment for the plaintiff.

After the train was backed up and was stopped at Patman Station, Bessie Smith alighted therefrom. The evidence is conflicting concerning the alleged negligence, as well as concerning the extent of the injuries suffered by Bessie Smith. Her evidence shows that, when the train was backed to the platform, it was stopped there with a sudden and violent jerk and jam, throwing her back against the side of the car chair next which she was then standing with such force as to cause grievous injuries to her. The jury was authorized to find, as they did, these facts to be true, and to find that the appellant was guilty of negligence as alleged proximately causing injury to Bessie Smith and in the amount of damages awarded. In deference to the verdict of the jury, their findings are here adopted as the facts of the case.

McMahan & Dohoney, of Greenville, and Schluter & Singleton, of Jefferson, for appellant.

Jones, Jones & Buck, of Marshall, for appellee.

LEVY, J. (after stating the facts as above). [1] The first paragraph of the court's charge is as follows:

"'Negligence,' as that term is used in this charge hereinafter, means the failure to perform a duty owing by one person or corporation to another. It is the duty of a railway company, when engaged as a common carrier of passengers for hire, to exercise a very high degree of care of the safety of its passengers, and a failure to do so would be negligence. By 'very high degree of care' is meant such care as a person of very high prudence would use under the same or similar circumstances."

This paragraph was excepted to upon the ground that it imposes a higher degree of care than required by law in the language "very high degree of care" and "a person of very high prudence." It is believed that the rule is not more forcibly expressed than authorized. Equivalent language has been employed in other reported cases. Ry. Co. v. Keeling, 102 Tex. 521, 120 S. W. 847; Ry. Co. v. Miller, 79 Tex. 78, 15 S. W. 264, 11 L. R. A. 395, 23 Am. St. Rep. 308; Hutchinson on Carriers (2d Ed.) § 500.

[2] Appellant complains of the efficiency of the evidence to support a finding by the jury of permanent injuries such as are alleged, and in the amount of damages awarded. After a full consideration of the evidence, it is

---

believed that this court would not be warranted in disturbing the verdict of the jury in their finding that there was permanent injury of a serious character and in their findings as to the amount of damages. The testimony of Bessie Smith goes to show that serious injury was suffered by her. Light Co. v. Atwood (Tex. Civ. App.) 138 S. W. 1101. And, if her evidence is given credence, her injury is permanent. There is no suggestion in the record against giving full credence to her evidence. The medical testimony, considered as a whole and properly weighed, is not entirely opposed to the conclusion that the injury claimed by her is grievous. There is no suggestion of any kind in the record that the jury were led away by sympathy or any improper argument.

We have considered all the assignments of error, and conclude that each of them should be overruled as presenting no harmful or reversible error.

The judgment is affirmed.