## CITY INVESTMENT & LOAN CO. et al. v. WICHITA HARDWARE CO.*

### No. 12739.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 3, 1932.

Rehearing Denied Jan. 14, 1933.

Benson & Benson and Donald & Donald, all of Bowie, and T. R. Boone, of Wichita Falls, for appellants.

Mathis & Caldwell, of Wichita Falls, for appellee.

LATTIMORE, Justice.

Appellee sued on a note for $1,600 signed by six defendants. The note contained on its face this statement: "This note is given as collateral to a certain deed of trust and materialman's lien note, dated August 17, 1929, payable to the Wichita Hardware Company in the sum of $10,000.00," and also the statement "see notation on back of this note." On the back of the note was: "When the note to which this note is collateral is paid in full, this note shall be returned to C. A. Pruden."

Appellants answered that Pruden, one of the signers of the note sued on, was building a hotel on which an insurance company held a first lien and for which appellee had furnished $10,000 worth of material, as had also one Shamburger furnished $1,600 worth of material, and that appellee had secured a signed second lien for its debt, and that Shamburger was threatening to make trouble unless his debt was secured by a lien, parity to appellee; that appellants agreed with appellee and Shamburger to put up this note sued on with appellee, conditioned that Shamburger's debt was to share on a parity with appellee's debt in the lien taken by appellee and that if Shamburger foreclosed such lien, the note would be enforceable to the extent such enforcement by Shamburger deprived appellee of the collection of any of its $10,000 debt, and that if appellants paid Shamburger's note then the note sued on was to be "of no further effect"; and alleged that Shamburger had been paid by appellants without using any of said lien security. To this appellee replied, alleging a wholly different and

executed consideration. On trial no witness testified on this matter except Pruden, who, being called by plaintiff, gave a statement largely of legal conclusions along the substantial lines of appellant's pleadings, as above outlined.

The jury found on the only special issue submitted on this issue that: "The note in question was executed and delivered upon condition that same was not to become a valid and subsisting written instrument unless the said Wichita Hardware Company should become liable or their interests jeopardized by reason of the defendants' note to the Shamburger Lumber Company being unpaid." Shamburger's note had been paid as alleged. The court rendered judgment for appellee non obstante veredicto.

Was appellee entitled to an instructed verdict? Appellants assert that the language on the note as quoted above is ambiguous and admits of oral evidence, which they claim, being offered, and a jury verdict thereon favorable, shows that there was a condition precedent to the note's taking effect, namely, that Shamburger should invade the appellee's lien as per agreement.

■ Was the language of the note ambiguous? "Ambiguous" means uncertain because susceptible of more than one meaning, Jarecki Mfg. Co. v. Hinds (Tex. Civ. App.) 295 S. W. 274; Words and Phrases, Third Series, vol. 1, page 433, but must be susceptible of interpretation. Thus a contract inaccurate for want of any meaning is unenforceable, but if only ambiguous may be made certain by parol testimony. Matter of Millette's Estate, 123 Misc. 745, 206 N. Y. S. 342, 349. The fact that this note does not say what the appellant, contends was the true agreement is unfortunate, but avails nought under the pleadings and testimony unless the language is ambiguous.

■ The term "collateral" is not a technical word and its use is not confined to describing pledges of notes or property as security. Its first meaning, according to Webster, is "accompanying as a secondary fact, or acting as a secondary agent; 2nd, related to, complementary; 3rd, accompanying as a co-ordinate; 4th, an obligation or security attached to another to secure that other's performance." We have collateral issues, evidence, heirs, events, notes, promises, nerves, and warranties. So the bankers say "collateral" probably meaning "collateral security," the historian, meaning "collateral in time," the lawyer, meaning "in effect as evidence"; but when a court comes to determine what the word means when used in a particular document which does not show within its four corners the sense in which it was used, the court cannot select as a matter of law any one of its several usages, and evidence must be heard to establish what the parties intended it to mean. Thus in this case the appellant says the note was collateral supporting the $10,000 note against an invasion of its other security from Shamburger, while the appellee says that it was to secure the appellee that appellant Pruden would pay the $10,000 in any event. In either case, the note is collateral to the $10,000 note.

■ We all agree that oral evidence was admissible. Our reasons therefor differ, being those above stated or under the principles announced in McFarland v. Shaw (Tex. Com. App.) 45 S.W.(2d) 193. While this evidence was rather loosely developed, still we believe there is enough of it to make out, prima facie, appellant's fact contentions. It is thus apparent that the judgment non obstante was improper.

■ The language of the only charge on this issue, however, does not follow the pleading or the evidence. No litigant claimed that the note should become "a valid and subsisting obligation" in the event appellees "should become liable or their interests jeopardized" by the Shamburger note. The claim of appellants was that if Shamburger enforced his right of foreclosure for his note of the appellee's lien and thereby the security of appellee became insufficient for its debt of $10,000, then the note stood for that insufficiency. The two propositions are so dissimilar that in our opinion it amounts to no verdict on the real issue; therefore the cause should not be rendered but remanded.