CITY INVESTMENT & LOAN COMPANY ET AL. V. WICHITA HARDWARE COMPANY ET AL.

No. 6466.   Decided March 4, 1936.
(91 S. W., 2d Series, 683.)

*T. R. Boone, Benson & Benson,* and *Donald & Donald,* all of Wichita Falls, for plaintiffs in error.

Court of Civil Appeals should have reversed and rendered

judgment rather than to reverse and remand it. Central National Bank v. Lawson, 27 S. W. (2d) 125; Traynham v. Jackson, 15 Texas, 170; King v. Wise, 282 S. W., 570.

*Mathis & Caldwell,* of Wichita Falls, for defendants in error.

MR. PRESIDING JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

L. R. Scheurer, R. G. Scheurer and P. A. Menke, partners under the trade name of Wichita Hardware Company, filed this suit in the District Court of Wichita County, against the City Investment & Loan Company, a corporation, C. A. Pruden, E. M. Stallings and E. W. Wright to recover upon a promissory note dated January 31, 1930, in the principal sum of $1600.00 payable twelve months after date to Wichita Hardware Company or order, with 10 per cent per annum interest after maturity and the usual attorney's collection fee. Said note contains a statement as follows:—"This note is given as collateral to a certain deed of trust and materialman's lien, dated August 17, 1929, payable to the Wichita Hardware Company, in the sum of $10,000.00," also the statement "see notation on back of this note," which is as follows:—"When the note to which this note is collateral is paid in full, this note shall be returned to C. A. Pruden."

The defendants answered, that prior to the execution of said note, plaintiffs held a note and indebtedness against C. A. Pruden and his wife, Veatle Pruden, in the original sum of $10,000.00, secured by a second lien on certain property belonging to them, that C. D. Shamburger Lumber Company was at the same time the holder of a certain indebtedness amounting to approximately $1600.00 owing to it by the City Investment & Loan Company, which was not secured by lien on the properties of said C. A. Pruden and wife, that said Lumber Company was demanding a second lien on said properties for the reason that both the plaintiff, Wichita Hardware Company and the Shamburger Lumber Company had furnished material for the erection of a certain building thereon, whereupon it was agreed between the Wichita Hardware Company and the defendants that said Lumber Company should have a second lien on said properties pro rata according to the amount of indebtedness it held as compared with the indebtedness held by the Hardware Company, provided the defendants would execute a note in the sum of $1600.00, which was the approximate amount due the Lumber Company, and to the extent of which the Lumber Com-

pany would be secured by a second lien on said properties, with the distinct understanding that in case the said Lumber Company resorted to the properties securing its note, or said properties or the lien held by the plaintiffs herein were in any way impaired or lessened by the said Shamburger Lumber Company resorting to such properties for the payment of its debt or any part thereof, the note sued upon would become payable to that extent, and with the further express agreement and understanding between the parties that in case the Shamburger note did not become a charge against or in any way affect the properties upon which the plaintiff herein held its second lien, then said note would be of no further force and effect and would be cancelled and delivered to the parties making such note.

It was further alleged that defendants had paid the Lumber Company's claim without using any of said lien security, thus restoring the Hardware Company to its full extent of security by said second lien, and therefore the consideration for said note had wholly failed and the obligations thereunder became of no force or effect.

The above facts in substance were testified to by the defendant Pruden; no other witness gave testimony on the subject, plaintiffs confining their proof to introduction in evidence of the note with proof by the defendants Stallings and Wright that they had signed the note, Pruden having brought it to them for that purpose, and they had never paid because they did not owe it, but they had paid the obligation of some similar amount to the Shamburger Lumber Company signed by them and Pruden; also that the $10,000.00 note had never been paid.

Plaintiffs placed no witness on the stand denying Pruden's testimony and so far as the record shows, it stands uncontradicted.

To two special issues, no objection thereto having been made by any of the parties, the jury found, *1st:* that the note sued upon was not to become valid and subsisting written instrument unless the Wichita Hardware Company should become liable or their interests jeopardized by reason of the defendants' note to the Shamburger Lumber Company being unpaid, and *2d.,* that the defendants have discharged in full the obligation of the Shamburger Lumber Company approximating the sum of $1600.00.

Both sides filed motion for judgment; the court granted that of the plaintiffs and rendered judgment, notwithstanding the jury's verdict, in their favor, against the defendants, jointly

and severally, for principal, interest and attorney's fees with interest thereon at the rate of 10 per cent per annum from date of judgment.

The plaintiffs contend that the note sued on is unambiguous and there being neither pleading nor proof showing fraud, accident or mistake, its terms cannot be varied by parol or extraneous evidence—therefore the trial court's judgment should be sustained, furthermore, that a directed verdict for them should have been given under the terms of Art. 2211, Rev. Stat. 1925 as amended by Acts of 42nd Legislature, Chap. 77 (Acts. 1931, p. 119) which authorizes judgment notwithstanding the verdict.

The Court of Civil Appeals reversed the trial court's judgment, holding that the oral evidence was admissible, but remanded the cause on the ground that the charge on this issue does not follow the pleading or the evidence (57 S. W. (2d) 222), and the case is here by writ of error, on the complaint of defendants below, that the Court of Civil Appeals, having reversed, should render judgment in their favor instead of remanding the cause.

■ *First:*—Quoting, with approval, from R. C. L., pp. 869 and 870, Judge Sharp said in McFarland v. Shaw, 45 S. W. (2d) 193:

"Many of the exceptions to the parol evidence rule are quite as well settled as the general rule and require only a mere statement. It may not be contended for example, that, as between the parties to an instrument parol evidence is incompetent to show fraud, mistake, illegality, want or failure of consideration, to explain an ambiguity when such explanation is not inconsistent with the written terms, or to show that the writing is only a part of an entire oral contract between the parties, or that its obligation has been fully discharged by an oral collateral agreement. So in a controversy between the parties or others charged with notice, proof may be made of a collateral agreement, which was the consideration for the instrument, or which postpones the legal operation of the writing until the happening of a contingency. And again, an instrument is to be construed, as in any other case, in the light of its subject matter, and the circumstances in which and the purposes for which it was executed, which evidence is always admissible in the construction of written contracts, in order to put the court in the position of the parties."

Here, as there, the question of innocent purchaser for value is not involved, this controversy being between the original

parties to this particular transaction, and therefore parol testimony is admissible to show the real consideration for the note. 6 Tex. Jur., p. 964, Sec. 284.

■ *Second:*—While the evidence on the subject was confined to that of Pruden, an interested party, it was sufficient to go to the jury, whose province it was to weigh the same, judge its credibility and reach a conclusion supported by testimony to which they gave credence.

As said by Judge Smedley in Simmonds v. St. Louis, B. & M. Railway Company, 127 Texas, 23, 91 S. W. (2d) 332:

"As to the testimony of interested witnesses, the general rule is that, while the jury has no right arbitrarily to disregard the positive testimony of unimpeached and uncontradicted witnesses, the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury. Stated in another form, the rule is that the uncontradicted, uncorroborated testimony of a party to a suit will not authorize or support an instructed verdict. Sonnenthiel v. Christian Moerlein Brewing Company, 172 U. S., 401, 43 L. Ed., 492, 495; Mills v. Mills, (Com. App.), 228 S. W., 919; Burleson v. Tinnin, 100 S. W., 350 (application for writ of error refused); Gulf, C. & S. F. Ry. Co. v. Davis, 225 S. W., 773, 775; King & King v. Porter, 256 S. W., 627; Himes v. Himes, 55 S. W. (2d) 181; 17 Tex. Jur., pp. 926, 927, Sec. 418."

The Court of Civil Appeals did not err in holding that oral evidence was admissible.

■ Our understanding of the record is that no objection to the form in which the issues were submitted was raised by either party in the trial court; therefore no objection, if made for the first time on appeal, can be entertained. This rule applies to objections that the charge was not justified by the pleadings or the evidence, and when a cause is submitted on special issues as well as when submitted by an ordinary charge presenting the general issue. 3 Tex. Jur., pp. 205 to 207, Sec. 138.

The Court of Civil Appeals erred in holding that the issue was erroneously submitted in that it does not follow the pleading or the evidence, and on that point alone, remanding the cause.

We think the trial court should have rendered judgment for the defendants below, based on the jury's verdict, that the Court of Civil Appeals correctly reversed the trial court's judgment, but should have rendered judgment for said defendants instead of remanding the cause.

Accordingly, the judgment of the Court of Civil Appeals reversing that of the District Court is affirmed, and so much of the judgment of the Court of Civil Appeals as remands the cause to the trial court is reversed and judgment here rendered in favor of said defendants in the trial court who are plaintiffs in error in this court.

Adopted by the Supreme Court March 4, 1936.