**TANNEBERGER v. MASSEY et al.**

No. 10333.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 18, 1939.

Rehearing Denied Feb. 15, 1939.

L. W. Elliott and Geo. A. Wynn, both of Sonora, B. F. Howell, of Rankin, and Kerr & Gayer, of San Angelo, for appellant.

W. B. Handley, of Dallas, Scarborough & Ely, of Abilene, and Wilson, Randal & Kilpatrick, of Lubbock, for appellees.

SLATTON, Justice.

This action is for personal injuries alleged to have been received by appellant, H. H. Tanneberger, through the negligence of the agent or employee of L. L. Massey and Hugh T. Field and George A. Field, composing the firm of Field Brothers, in the operation of a gravel truck.

A jury trial resulted in a verdict in favor of Massey upon instructions from the court and special issues, upon which the trial court denied any recovery to Tanneberger against Massey and Field Brothers, hence this appeal.

■ The trial court submitted to the jury the question of whether at the time the appellant passed the truck being driven by Roy Smothermon, the appellant was negligent in the manner of the operation of his car under the circumstances existing at that time. To which the jury answered in the affirmative, and that such negligence was a proximate cause of the appellant's injuries. No objections were made by the appellant to this submission. He complains on this appeal, through several propositions, that the judgment giving effect to this finding of contributory negligence is erroneous because the appellee had specially pleaded contributory negligence, and therefore a general finding of contributory negligence is without support in the pleadings.

■ It seems to be settled law in this State that a party may not complain for the first time on appeal that the charge submitted by the trial court was not justified by the pleadings. Lancaster v. Fitch, 112 Tex. 293, 246 S.W. 1015. The same rule is applied to a case submitted upon special issues. City Investment & Loan Co. et al. v. Wichita Hdw. Co. et al., 127 Tex. 44, 91 S.W.2d 683.

950

■ The appellant next complains of the action of the trial court in directing a verdict for Massey. In presenting this proposition the appellant in effect concedes that the evidence shows that equipment was let by Massey to Field Brothers, under a contract whereby the equipment and the men operating it were under the control of Field Brothers. The appellant's theory seems to be that the evidence does not show a consent to such a contract on the part of the employee truck driver. The truck driver in the performance of his duties took orders from and was paid by Field Brothers, through their foreman and superintendent. The action of the driver in the performance of his duties, under the circumstances stated, amounted to a consent to his employment in the services of Field Brothers, if not actually, then impliedly as a matter of law. Viewing the evidence from another theory, the fact that the driver had been employed upon other work prior to the work in question, by Massey, and that he was sent from Claude, Texas, to this work in Sutton County by Massey and reported to Massey's foreman in Sutton County, the foreman on the prior work of Massey was placed in the employment of Field Brothers and with Field Brothers' superintendent directed the work of the driver before and at the time of the accident. Thus exclusive control of the work at the time was in Field Brothers, through them and their duly authorized agents and employees. If the relation of master and servant between the driver and Massey did not terminate, then under the facts here under review the driver became the employee of Field Brothers for the particular employment on the Sutton County work, and Massey the general employer. The proof shows that the special employer, Field Brothers, had the exclusive control over the work and of the employees and the general employer, Massey, exercised no such control. The driver must be dealt with as the employee of Field Brothers and not of the general employer, Massey. Therefore at the very time of the accident Massey not exercising control over the truck driver, the ancient rule of respondeat superior has no application. 18 R.C.L. § 244, p. 784.

■ Appellant asserts that the juror Caldwell was not qualified in that he was not a freeholder within the State, or a householder within Sutton County. It ap-pears that this objection was raised for the first time after verdict in the motion for a new trial. It has been ruled by our Supreme Court that such an objection after verdict comes too late. Schuster v. La Londe, 57 Tex. 28; El Paso Electric Co. v. Whitenack et ux., Tex.Com.App., 1 S.W.2d 594.

■ Appellant complains of misconduct of the jury. He alleged such in his motion for a new trial in the following language: "The jurors or some of them were of the opinion, as was stated by some of them in their deliberation concerning the same, that the findings on contributory negligence and proximate cause in connection therewith were probably immaterial herein on the right of plaintiff to recover to the extent of $6000.00." One juror was presented as a witness on the hearing of the motion for a new trial and testified that the jury answered all questions propounded to them by the court under the evidence heard during the trial of the case. The only material evidence given by the witness touching the allegation contained in the motion was as follows: "Q. I say what was said about whether he could still get the amount you wanted him to in answering those questions on negligence? A. Well, I do not remember very well, but we discussed the matter as to the extent of his negligence in the case, I believe, and the bearing that would have on the damages, and that if we found him grossly negligent that he would not be awarded any damages, and if we found him partially negligent that we would award him damages."

The real complaint of the appellant, according to his allegations in the motion, is that the juror was of the opinion that the jury considered the questions on contributory negligence and proximate cause thereof immaterial in the case. The juror testified, and the trial court evidently believed, that all the questions propounded by the court were answered by the jury according to the evidence. This being true, the erroneous opinion entertained by the juror as to the recovery by appellant to the extent of $6000 is immaterial. Especially is this true when there is no showing that the entertainment of such opinion had any effect upon the answers made to the issues submitted.

There being no reversible error, the judgment of the trial court is affirmed.