**BURGESS v. WARREN.**

No. 13007.

Court of Civil Appeals of Texas. Dallas.
March 1, 1941.

Rehearing Denied April 5, 1941.

W. B. Pope and Ernest McCormack, both of Dallas, for appellant.

Harry C. Crump, Jr., of Dallas, for appellee.

LOONEY, Justice.

J. P. Burgess appealed from a judgment in favor of John Warren, for damages alleged to have resulted from injuries sustained while in the service of appellant. Appellant was engaged in operating a gravel pit, having in his employment more than three employes, but was not a subscriber under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq.

The material facts are these: Appellee and a fellow workman were engaged in carrying, between themselves, a piece of timber about 3 inches thick, 12 inches wide, and weighing about 100 pounds, when, without warning, the fellow workman negligently dropped his end of the timber to the ground, throwing the weight of the timber on the end which appellee was carrying, jerking his body forward and downward into a bent position, causing the injuries of which he complained.

The only question presented is that, the element of damages submitted in the charge, with reference to the lessened capacity of appellee to labor and earn money in the future was not authorized by the pleading. The pertinent allegations of the petition are these: "That the violent jerking of John Warren's body tore, stretched and strained the muscles on his right side, lower back, upper right leg, right hip and abdomen. This injury caused the muscles of his back, especially those of the lower border of the ribs down to the pelvic regions, and those on the right side of the body as well as the right hip and upper right leg to be very hard and extremely tender. Plaintiff's body movements are as a result limited in all directions and he cannot stand in an erect position, his injuries forcing him to assume a slightly stooped posture. * * * Prior to the date of this negligent injury, plaintiff was a strong, healthy man capable of earning $2 a day. That said injuries have prevented this plaintiff from obtaining or holding any steady hard work, such as he was accustomed to performing, for at least 11 months and frequently pain and hurt making him incapable of doing as heavy work as he did before this injury. Because of the loss of earning power and great pain and suffering caused by these injuries plaintiff, John Warren, has sustained actual damages in the sum of $3,000.00."

Evidence was introduced, without objection, to the effect that, as the result of his injuries, appellee had sustained a certain percentage of permanent disability. In other words, the evidence fully justified the submission of the issue in regard to the lessened capacity of appellee to labor and earn money in the future.

Issue No. 6, containing the alleged objectionable matter, reads as follows: "What sum of money, if any, if paid now in cash do you find from a preponderance of the evidence will reasonably compensate plaintiff, John Warren, for the physical pain, if any, that he has undergone as a proximate result of the injury, if any, sustained on the occasion in question, and for his lessened capacity to labor and earn money that he has suffered in the past and in the future, if you find there will be any in the future, as a proximate result of the injury, if any, sustained by him on the occasion in question?"

While appellant urged several objections to the charge, no objection was leveled at the submission of the element in regard to the lessened capacity of appellee to labor and earn money in the future; nor did he raise the question in his motion for new trial.

We do not think the court erred in the respect called in question. Indulging all reasonable intendments, we think appellee's petition was a sufficient basis for the introduction of evidence showing that appellee sustained a permanent injury, consequently authorized the charge in regard to his lessened capacity to labor and earn money in the future. Davis, Pruner &

Howell v. Woods, 107 Tex. 377, 180 S.W. 100, Syl. 1; Waterman Lumber Co. v. Shaw, Tex.Civ.App., 165 S.W. 127, 130, Syl. 5, 6; Citizens' Ry. & Light Co. v. Atwood, Tex.Civ.App., 138 S.W. 1101; Dallas Ry. & Terminal Co. v. Davis, 26 S.W.2d 340.

 However, as appellant did not object to the charge in the court below, on the ground urged for the first time in this Court, we must assume that he acquiesced in the charge as given. It seems to be well settled that a litigant may not complain for the first time on appeal, that a charge was not justified by the pleading. The doctrine deduced from the decisions is stated concretely in 3 T.J., p. 205, as follows: "It would seem from the authorities that the statute which requires that objections to the charge be presented to the court before it is read to the jury applies to every erroneous charge, whether fundamental error is presented or not, at least in so far as the 'fundamental error' is such as may be waived, and irrespective of the fact that the error may be apparent in the record. 'The statute does not except from its operation errors in the charge which are fundamental. To so hold would ingraft an exception which the legislature did not see fit to make when the statute was enacted.' Specifically, it has been held that in order to be availed of on appeal objections should first be presented in the trial court, before the charge is read to the jury, to errors in the charge in respect of the burden of proof, the weight of the evidence, and the measure of damages. Similarly one may not object to the form in which issues are worded when he made no objection in the trial court. And where there was no request for the separation of issues the appellant may not on appeal complain that the issue as submitted was multifarious. Nor may an objection first be made on appeal that the charge was not justified by the pleadings or the evidence." This doctrine is abundantly supported by the decisions. Among others, see City Investment & Loan Co. v. Wichita Hardware Co., 127 Tex. 44, 91 S.W.2d 683, 685; Tanneberger v. Massey, Tex.Civ.App., 124 S.W.2d 949;

Culver v. Cockburn, Tex.Civ.App., 127 S. W.2d 328; King v. Roberts, 125 Tex. 623, 84 S.W.2d 718.

It follows from what has just been said, that we are of opinion the court did not err in giving the charge objected to, hence the judgment below is affirmed.

Affirmed.