**FROZEN FOODS EXPRESS et al. v. ODOM.**
**No. 2782.**

Court of Civil Appeals of Texas. Eastland.
March 3, 1950.

Rehearing Denied March 24, 1950.

Strasburger, Price, Holland, Kelton & Miller, Dallas, for appellants.

Bouldin & Bouldin, Mineral Wells, for appellee.

LONG, Justice.

L. A. Odom instituted this suit against Frozen Foods Express and H. L. Stovall to recover damages growing out of an alleged collision between plaintiff's truck and a truck belonging to defendant, Frozen Foods Express, a corporation, and driven by its agent, defendant H. L. Stovall. Plaintiff alleged that on June 3, 1947, his truck was being driven by Henry Menton in an easterly direction on paved U. S. Highway No. 80 in Palo Pinto County, Texas, and that a truck belonging to defendant, Frozen Foods Express, and driven by H. L. Stovall, was also traveling in an easterly direction on said highway and while said truck belonging to said defendant was attempting to pass the truck and trailer belonging to the plaintiff, that said truck belonging to the defendant collided with the truck belonging to the

plaintiff and caused damage to the truck and trailer and to several head of sheep being transported on said truck. Plaintiff alleged that defendants were guilty of negligence in causing said collision in the following particulars: (a) that the driver Stovall turned said truck van suddenly across the highway in the path of plaintiff's truck; (b) that Stovall turned said truck across the road and caused the collision; (c) that Stovall failed to keep a proper lookout; (d) that Stovall changed the course of the truck without seeing that there was sufficient without seeing that there was sufficient space for such movement to be made in safety. Defendants answered by a general denial and plead that the driver of plaintiff's truck was guilty of contributory negligence. The jury found all issues submitted in favor of the plaintiff. The court entered judgment. in keeping with the jury verdict in favor of plaintiff for $1,200.00 damages to his truck, $850.00 damage to his trailer, and $200.00 as compensation to plaintiff for rentals alleged to have been paid by him on a truck and trailer while his was being repaired. From this judgment, defendants have appealed.

By Points 1, 2 and 3, defendants contend the court erred in overruling their objections to special issues Nos. 1, 2 and 3. Said special issues were as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the defendant H. L. Stovall at the time and place in question collided the trailer of the truck he was operating with plaintiff's truck? Answer: Yes.

"Special Issue No. 2: Do you find from a preponderance of the evidence that the said Stovall in so colliding said trailer of said truck with plaintiff's truck, if you so find, under all the facts and circumstances at the time and place in question, was guilty of negligence, as the term is herein defined? Answer: Yes.

"Special Issue No. 3: Do you find from a preponderance of the evidence that said negligence, if you find same was negligence, was the proximate cause of the damages complained of? Answer: Yes."

Defendants objected to said issues as follows:

"1. Defendants except to Special Issue No. 1 for each and all of the following reasons:

"(a) Because there is no evidence to support the submission of such special issue and an affirmative finding thereto would be contrary to the weight of the evidence.

"(b) Because such issue is purely evidentiary and not an ultimate issue of fact to be determined in this case.

"(c) Because such issue amounts to the submission of a general charge.

"2. Defendants object to Special Issue No. 2 for each and all of the following reasons:

"(a) Because there is no evidence to support the submission of such special issue and an affirmative finding thereto would be contrary to the weight of the evidence.

"(b) Because such issue amounts to the submission of a general charge when this case is being submitted upon special issues.

"3. Defendants object to Special Issue No. 3 for all of the following reasons:

"(a) Because there is no evidence to support the submission of such special issue.

"(b) Because such issue when conditioned upon Special Issue No. 2 amounts to the submission of a general charge."

Defendants insist the trial court erred in overruling these exceptions. They argue with much force and submit authorities which sustain their position that the issues submitted were not proper. They take the position that it was the duty of the court to submit an issue as to each special act of negligence plead. We agree with the position taken by defendants but we believe the exceptions are not sufficient to distinctly point out the defects urged here. The defendants did not object to the charge because it failed to submit the specific acts of negligence plead. They did object because the issues amounted to the submission of "a general charge." This was not sufficient. Rule 274, Texas Rules of Civil Procedure, provides that a party objecting to a charge must point out distinctly the matter to which he objects and the grounds of his objections. It is true defendants, in their point presented to this court, say that the issues submitted were not limited to the specific

acts of negligence alleged but this objection was not made in the trial court and consequently defendants cannot now complain of the failure of the trial court to so submit such issues.

We have given this question our mature thought and have endeavored to find all of the authorities bearing thereon and we here submit the following in support of our holding: Panhandle & S. F. Ry. Co. v. Friend et ux., Tex.Civ.App., 91 S.W.2d 922; Wise et al. v. City of Abilene, Tex.Civ.App., 141 S.W.2d 400; Southern Underwriters et al. v. Boswell, Tex.Civ.App., 141 S.W.2d 442; Classen et al. v. Benfer et al., Tex.Civ.App., 144 S.W.2d 633; Browning et al. v. Graves et al., Tex.Civ.App., 152 S.W.2d 515; Texas Coca-Cola Bottling Co. v. Wimberley, Tex.Civ.App., 108 S.W.2d 860; Gulf, C. & S. F. Ry. Co. v. Bouchillon et al., Tex.Civ. App., 186 S.W.2d 1006.

■ We believe the issues submitted, in the absence of a proper objection, are sufficient to uphold the judgment based thereon. Where issues submitted are incompletely stated, or improperly combined, a verdict based thereon, in the absence of a proper objection pointing out to the court such defects, is as effective as if the issues were correctly submitted. Duff v. Roeser & Pendleton, Inc., Tex.Civ.App., 96 S.W.2d 682; Traders & General Ins. Co. v. Snow, Tex.Civ.App., 114 S.W.2d 682; Rivers v. Westbrooks et al., Tex.Civ.App., 126 S.W. 2d 46.

Before the trial of this case, plaintiff made request for admissions under rule 169, R.C.P. Defendants complied with such request and filed their answers thereto. Request No. 18 presented by plaintiff was as follows: "That said truck drawing said Frozen Food Van collided with another truck which was hauling sheep on a trailer attached thereto on the 3rd day of June, 1947, and that said collision occurred on United States Highway No. 80 in Palo Pinto County, Texas."

■■ Defendants admitted the truth of the matter contained in Paragraph 18. Plaintiff offered the above admission in evidence and the same was admitted without any objection by defendants. Thereafter, during the progress of the trial, counsel for defendants dictated in the presence of the trial court and counsel for plaintiff a motion to withdraw defendants' reply ·to Paragraph 18. The substance of said motion was that the admission was made through error by counsel for defendants. Defendants assign as error the action of the trial court in overruling this motion. It is our conclusion that the matter rested entirely within the discretion of the trial court and, in the absence of a showing of an abuse of such discretion, no error is apparent. Defendants offered no evidence on the motion. The admission was on file when defendants announced ready for trial and had been for several days. Defendants knew this when they announced and made no effort to withdraw it until after it had been read to the jury. There was ample evidence showing that there was a collision between the two trucks. Under the circumstances, we are of the opinion the trial court did not abuse its discretion in overruling the motion.

■ Defendants complain of the action of the trial court in overruling their objection to the closing argument of counsel for plaintiff wherein he discussed the admission under Paragraph 18. We find no error in this point. The admission was in the record without objection and certainly counsel was wholly within his rights in discussing it as evidence.

■ The court submitted an issue as to whether it was necessary for plaintiff to rent another truck to take the place of the truck involved while it was being repaired. Counsel for plaintiff, in his closing argument to the jury and while discussing this issue, stated that the court said plaintiff rented another truck by his charge, otherwise he would not have submitted it. By Point 6, defendants complain of the action of the trial court in not sustaining their objection to the argument. This objection should have been sustained. The argument was improper. However, we have concluded that the evidence conclusively establishes that plaintiff did not rent another truck. When plaintiff's testimony is carefully analyzed, it shows that he did not rent a truck but, on the contrary, he turned the hauling

over to other truckers and that they performed the services and collected the pay therefor. Under the evidence, plaintiff is not entitled to recover the $200.00 awarded him by the jury for rental on such trucks. Although the argument about which complaint is made was improper, still we cannot see how it could affect any part of the judgment other than that awarding $200.00 to plaintiff for rental on another truck. Consequently if plaintiff will file a remittitur of $200.00 within ten days, the judgment will be reformed and as reformed, affirmed. Otherwise, the judgment will be reversed and the cause remanded.

The judgment of the trial court is affirmed upon the condition stated.

### Supplemental Opinion

On March 3, 1950, in accord with written opinion of said date, it was ordered that the above cause be reversed unless the appellee should, within ten days, file a remittitur of $200.00. It was further ordered that if such remittitur should be filed the judgment of the trial court would be affirmed.

Appellee having, on the 8th day of March, 1950, filed a remittitur of $200.00, the judgment of the trial court is thus reformed and as reformed affirmed