**Robert H. PRUETT, Appellant,**

v.

**E. A. MUNROE, Appellee.**

**No. 15838.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 2, 1971.

Elton M. Hyder, Fort Worth, for appellant.

Hancock, Bellard, Gay & Kaye, Kenneth C. Kaye, Charles R. Hancock, Dickinson, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment. The trial court granted a judgment for the amount due on a promissory note,

together with interest and attorney's fee, and decreed foreclosure of a lien on certain shares of corporate stock. The controversy on appeal centers on that portion of the decree ordering foreclosure of the lien.

In his original petition appellee alleged that appellant, for value received, executed and delivered to Citizens State Bank of Dickinson, Texas, his promissory note dated September 30, 1968, and thereby promised to pay to the bank on January 16, 1969, the sum of $4,000.00, plus interest at the rate of 7% per annum; interest at the rate of 10% after maturity, and an attorney's fee of 15% thereon if placed in the hands of an attorney for collection. A copy of the note was attached as an exhibit.

Appellee alleged that the note was secured by a mortgage on 10,000 shares of stock of Teamco, Inc., which was converted into stock of Permaspray Manufacturing Corporation, and thereafter into 5,545 shares of Permaspray Manufacturing Corporation, a Delaware corporation.

Appellee further alleged that he also executed the note as an accommodation maker for appellant, and that when appellant failed to pay the note when due, appellee paid to the bank $4,152.44, and that the bank assigned said note, and the security on said note, to appellee. An assignment of the note by the bank to appellee was typed on the note signed by R. B. Sheppard, Vice President, and appears on the exhibit attached to the petition. No copy of the mortgage, nor of the assignment thereof, was attached to the petition.

In his answer appellant admitted the execution of the promissory note, but specially denied that the note was secured by a mortgage on any shares of stock or by a lien on any stock or property of any kind. In the alternative appellant alleged that if the original note was secured by a mortgage, then the lien was "waived by the holder of the note sued upon by the execution of a new note and the acceptance thereof. The new note is not secured by any lien whatsoever." The allegations were followed by a general denial.

Only appellee filed a motion for summary judgment. The affidavit of R. B. Sheppard was attached thereto. He stated that in his capacity as Vice President of Citizens State Bank in Dickinson, Galveston County, Texas, he loaned Robert H. Pruett $4,000.00 and identified an attached instrument as being a copy of the note executed by Mr. Pruett. He stated:

"As collateral for said note, Citizens State Bank has two items:

"A. E. A. Munroe executed said note as accommodation maker; and

"B. The bank received as collateral 10,000 shares of the stock of Team-Co., Inc."

He also identified a letter attached to the affidavit as being one received by the bank from Robert H. Pruett. He stated that Munroe paid the note and that it was assigned to Munroe and that the bank "assigned its interest in the 10,000 shares of Team-Co stock which was part of the collateral of the said note."

The letter attached to the affidavit of Mr. Sheppard contained these statements:

"Dr. Munroe in the latter part of April, 1969, secured from your bank the stock certificate in question and delivered same to me in order that we could expedite our merger with Permaspray . . . The Teamco stock was exchanged for Permaspray of Pennsylvania stock certificates. The Pennsylvania stock is to be exchanged for Permaspray of Delaware stock.

". . . .

"I realize that the stock certificate in question was placed in your bank as collateral for a $4,000.00 loan. If memory serves me correct Dr. E. A. Munroe is my endorser on this loan. The loan shall be paid just as soon as we finalize our transaction with Permaspray and receive our free stock."

**800**

Appellant filed a reply to the motion for summary judgment in which he again denied that appellee had a mortgage on the stock and made certain other statements in regard to the transaction. Attached to this instrument was an affidavit in which Mr. Pruett stated that he made "the above and foregoing affidavit based on his personal knowledge."

■ Mr. Pruett did not swear that the facts stated in his reply to the motion for summary judgment were true and correct. His affidavit states no facts. Neither the affidavit nor the reply constitutes summary judgment evidence.

■ The burden rested on appellee to prove by summary judgment evidence the existence of a valid mortgage or lien on the Teamco, Inc. stock. The only evidence relating to such a lien or mortgage is found in the affidavit of Mr. Sheppard and the letter written by Mr. Pruett. Mr. Sheppard's affidavit says that the bank "received as collateral" the shares of stock. The letter recites that the stock certificate "was placed in your bank as collateral" for a $4,000.00 loan.

"The term 'collateral' is not a technical word and its use is not confined to describing pledges of notes or property as security . . . " City Investment & Loan Co. v. Wichita Hardware Co., 57 S.W.2d 222 (Tex.Civ.App.—Ft. Worth 1933), rev'd 91 S.W.2d 683 (1936). An acceptable meaning is "an obligation or security attached to another to secure that other's performance." Ibid., 57 S.W.2d p. 223.

" . . . The term 'collateral security' refers to personal property exclusively, and, in common parlance, to choses in action. The transaction by which collateral security is delivered by the debtor and accepted by the creditor constitutes a pledge. . . . The delivery, either actual or constructive, of the property pledged to the pledgee, and his continuous

retention of such possession, is necessary to the validity of the pledge. . . . " Central National Bank v. Latham & Co., 22 S.W.2d 765 (Tex.Civ.App.—Waco 1929, writ ref.).

In Benson v. Greenville National Exchange Bank, 253 S.W.2d 918 (Tex.Civ. App.—Texarkana 1953, writ ref., n. r. e.), the court said:

"In Wagner v. Marple, 10 Tex.Civ. App. 505, 31 S.W. 691, error denied, it was held that while the mere delivery of a stock certificate evidencing shares in a corporation without any transfer or endorsement by the owner would not transfer title, yet the mere delivery of the stock would create a right in the bank as pledgee, by virtue of which it could resort to equity if its security was in any way threatened. The inference is clear that had the stock certificate been endorsed by the owner and delivered to the bank, as was done in this case, it would have transferred title to the bank as collateral security."

■ The summary judgment evidence does no more than establish that the stock was pledged as collateral security for the $4,000.00 note. It also shows that the pledged stock was not retained by the bank, but instead was returned by it to appellee, and by appellee to appellant. The judgment of the court reflects that the stock was exchanged for Permaspray of Pennsylvania stock. There is no evidence as to where the stock certificate was at the time of trial. Since possession of the pledged stock by the bank and its assignee to the date of the trial was necessary to a valid lien thereon, appellee's failure to prove such possession by summary judgment evidence defeated his right to a summary judgment for foreclosure of the lien since the existence of such a lien was put in issue by the pleading. Hidalgo v. Surety Savings & Loan Ass'n, 462 S.W.2d 540 (Tex.1971); Central National Bank v. Latham, supra; Bradley v. Straus-Frank

Company, 414 S.W.2d 504 (Tex.Civ.App. —Dallas 1967).

That part of the judgment ordering the foreclosure of a lien on the corporate stock is severed and is reversed and remanded. Otherwise the judgment is affirmed.