**LLOPA, INC., Appellant,**

v.

**Ernst NAGEL, Independent Executor of the Estate of Alma Heiligmann, Deceased, Appellee.**

**No. 04–95–00754–CV.**

Court of Appeals of Texas, San Antonio.

March 31, 1997.

Rehearing Overruled Sept. 24, 1997.

Dissenting Opinion of Justice Green, Sept. 24, 1997.

Michael A. Henry, Boerne, for Appellant.

Bill Palmer, Boerne, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

LÓPEZ, Justice.

This is an appeal of a summary judgment granted in favor of appellee. We reverse and remand to the trial court for further proceedings.

### Factual Background

Alma Heiligmann (Heiligmann) sold 97 acres of undeveloped land near Boerne to Llopa, Inc., (Llopa) a Texas corporation, in 1983. Llopa executed a ten-year real estate lien note with a vendor's lien and deed of trust to Heiligmann in the original amount of $173,452. The note matured in April of 1993 with an unpaid balance. According to Llopa's pleadings, two subsequent written extensions were executed and the last one matured with an alleged balance of $12,592.62. The extensions were given pursuant to an agreement that Llopa would subdivide and sell off lots and apply the sales to the balance of the note. Heiligmann allegedly agreed to provide partial releases as this occurred. Heiligmann died and the executor of her estate posted the property for foreclosure. The executor refused Llopa's tender of a $12,592.62 payment which Llopa asserted was the balance owed. Prior to sale, Llopa paid the executor its demand of $25,542.58 under protest and received a release of lien.

### Procedural Background

Llopa sued the executor for damages and restitution of the excess amount paid to satisfy the note, alleging that the payment was involuntary because the executor (1) refused to grant additional partial releases after a certain date, (2) threatened to force Llopa into default with its lot purchasers, (3) attempted to foreclose, and/or (4) made excessive demand for payment. The executor's affirmative defenses included waiver, estoppel, failure of consideration as to the extensions, fraud, and failure to perform the conditions precedent as required by the probate code for bringing the lawsuit.

The executor counterclaimed for breach of the terms of the note and for declaratory judgment to determine the rights and obligations of the parties under the note and deed of trust, for attorney fees, and to disregard the corporate entity of Llopa, Inc. as the alter ego of Lloyd and Paul Holekamp. The counterclaim sought foreclosure under the deed of trust for collection of any addi-

tional monies owed. Llopa raised affirmative defenses to the counterclaim including payment/discharge/release, that any damages were self-inflicted, and because the claims were groundless, it requested Rule 13 sanctions.

## The Motion for Summary Judgment

The executor filed a motion for summary judgment on its counterclaim based on the pleadings, responses to request for production on file, and the affidavits of Ernst Nagel, Michael R. Arthur and attorney Bill Palmer. These affidavits and attached exhibits established that Llopa owed $25,542.58, including $1,000 in attorney fees, on the original note and that Llopa paid off the original note in full and received a release of the deed of trust and vendor's lien which it then accepted and filed in the official records of Kendall County. Nagel also stated he had no knowledge of any agreement or contract between Heiligmann and Llopa which would alter the amount owed as stated in the note.

Llopa's response to the motion for summary judgment was accompanied by opposing affidavits from Paul Holekamp and attorney Michael Henry. In essence, the response directed the court's attention to the fact the movant's proof ignores another letter, dated November 22, 1994, from Henry to Nagel which states that the payment of the note:

"is to be considered *involuntary* and *under protest* because you have attempted to exercise the power of sale of the security property contained in the above-referenced Deed of Trust. My client, for itself and its assigns, *retains all rights*, at law or in equity, *arising out of the overpayment* and your wrongful refusal of all prior tenders." (emphasis as added in the response).

Llopa further argues that a declaratory judgment action is improper at this stage of the litigation and was filed merely to secure a claim for attorney fees. Exhibits also include the two extensions of the note and Llopa's answers to interrogatory numbers 6–13.

Paul Holekamp's affidavit stated that a $3,000 check paid to Heiligmann was intended to pay interest on either the Llopa note or the Holekamp note (he doesn't remember which), but that the check had not been credited to either note. The ledger sheets were attached. He also verified Llopa's answers to interrogatories 6–13. He stated the note was paid in full and overpaid under protest because of the posting. The total amount Nagel demanded to avoid foreclosure was excessive because it did not reflect the two extensions.

The executor filed written objections to Llopa's response and affidavits stating: (1) a party cannot use its own answers to interrogatories or responses to production as evidence; and (2) the reference to the two extension of note instruments does not specifically identify them in the affidavit, and as such they are hearsay, and do not establish how the affiant would have personal knowledge of same. The trial court granted both objections and another one that the reference to the $3,000 payment in Holekamp's affidavit was speculative.

In a letter dated May 17, 1995, the court set out its reasoning for granting the summary judgment in favor of the executor. The letter succinctly describes the issue and evidence before the court:

The Motion for Summary Judgment is based on the payment by Plaintiff of the full amount owing, as demanded, and obtaining a release of the lien, such payment being at the time voluntary and unconditional. Plaintiff's letter dated November 22, 1994, attached as Exhibit 1 to Plaintiff's Response to Motion for Summary Judgment supported by an affidavit of Michael Henry specifically states:

3. Such payment is to be considered involuntary and under protest because you have attempted to exercise the power of sale of the security property contained in the above-referenced Deed of Trust. My client, for itself and its assigns, retains all rights, at law or in equity, arising out of the overpayment and your wrongful refusal of all prior tenders.

The language certainly places Defendant on notice that the payment made the next day was not voluntary and unconditional.

Thus, the court recognized the presence of a fact issue raised in non-movant's response. The Court then focused on the affirmative defense of accord and satisfaction, stating:

> The question is did the Plaintiff's summary judgment evidence raise a fact question as to accord and satisfaction or novation. Defendant's position is that the release was given to Plaintiff on condition of the payment of the full amount ow[ ]ing and agreeing to that as the amount owing.
>
> Plaintiff's letter clearing objects to the payment as being an overpayment and pays under protest. The summary judgment evidence offered on the question of accord and satisfaction or novation is the affidavits of Paul Holekamp and Michael Henry. Even though the letter notices Defendant that the payment is under protest, neither affidavit offers evidence to raise a fact issue, and it is a matter of calculating the principal and interest on the note. Therefore the Motion for Summary Judgment is granted.

The court ordered that Llopa take nothing against the executor and awarded the executor, under the terms of the note, attorney's fees of $1,295.28 and costs. Llopa appealed.

### The Standard of Review

■ To sustain a motion for summary judgment, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Indeed, every reasonable inference must be indulged in favor of the non-movant and doubts will be resolved in his favor. *Kassen v. Hatley*, 887 S.W.2d 4, 8 n. 2 (Tex. 1994); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *see also* TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS: Practice, Procedure and Review, § 8.05, at 119 (2nd ed. 1996).

### Objections to Summary Judgment Proof

■ Llopa's first three points of error address the trial court's sustaining of three objections to summary judgment rebuttal proof. Llopa first asserts that the trial court erred in sustaining Nagel's objection "pertaining to Llopa's response to motion for summary judgment of Llopa's answers to interrogatories 6 through 13." Nagel correctly recites the rule acknowledged by several intermediate appellate courts that a party may not utilize its own answers to interrogatories to defeat a motion for summary judgment. *See, e.g., Affiliated Capital Corp. v. Commercial Fed. Bank*, 834 S.W.2d 521, 529 (Tex.App.—Austin 1992, no writ) (non-movant's own answers to interrogatories not proper summary judgment proof); *Walker v. Horine*, 695 S.W.2d 572, 575 (Tex. App.—Corpus Christi 1985, no writ). Such answers can only be used against the party answering the interrogatories. *Worley v. Butler*, 809 S.W.2d 242, 245 (Tex.App.—Corpus Christi 1990, no writ); *Keever v. Hall & Northway Advertising, Inc.*, 727 S.W.2d 704, 705 (Tex.App.—Dallas 1987, no writ). If Llopa wants to utilize the same information, it must be set out within the affidavit itself. *See Lawrenson v. Global Marine, Inc.*, 869 S.W.2d 519, 522 (Tex.App.—Texarkana 1993, writ denied). In attempting to incorporate its interrogatory answers by reference, Llopa was trying to circumvent the rule designed to preclude such use "as self-serving statements *for* the party making them." *See Keever*, 727 S.W.2d at 705.

■ Llopa, in fact, did not actually incorporate the interrogatory answers, it merely noted the answers were attached to the response and provided another verification through the affidavit of its vice president.[1] Nagel objected to this proof as incompetent. Llopa cites no case law to pull it out of this "trap" as it calls it, but refers to Holekamp's capacity as an officer of Llopa with personal knowledge of the truth of these responses. This is insufficient because the affidavit does not set out the facts themselves unequivocally and in admissible form so that they might

---

1. Paul Holekamp's original affidavit states: "Llopa's Answers to Interrogatories nos. 6 through 13 of Defendant's First Set of Written Interrogatories (and Request For Production) a true and correct copy of which is attached as Exhibit 4 hereto, are true and correct."

be tested for perjury. *See* TEX.R. CIV. P. 166a(e); *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984); *Keenan v. Gibraltar Sav. Ass'n,* 754 S.W.2d 392, 394 (Tex.App.—Houston [14th Dist.] 1988, no writ). Appellant's first point of error is overruled.

■ Llopa relied on the two extension instruments to raise a fact question and defeat summary judgment. These "true and correct copies" of documents are attached to its first amended original petition as exhibits. They are not verified there. Nagel's verified first amended original answer raises an affirmative defense of failure of consideration as to the extensions. Llopa argues that this is not a sworn denial as to authenticity, therefore the instruments should be deemed fully proved. We disagree. The instruments were not fully proved at the initial pleading stage because Nagel raised the issue of failure of consideration in a verified pleading. *See* TEX.R. CIV. PROC. 93(9) (Vernon Supp. 1996).

The extension instruments are attached again to Llopa's response to the motion for summary judgment. The Holekamp affidavit attached to Llopa's response does not authenticate them either, but instead merely references them:

The amount demanded by Mr. Nagel was excessive because it failed to reflect the two Extension of Note and Lien instruments, executed by Mrs. Heiligmann. They are attached as exhibits to Plaintiff's First Amended Original Petition and to our Response to the Motion for Summary Judgment.

■ Nagel objected to the Holekamp affidavit on grounds that it is hearsay and Holekamp did not establish personal knowledge of the instruments, citing *Pruett v. Munroe,* 474 S.W.2d 798, 800 (Tex.Civ. App.—Houston [1st Dist.] 1971, no writ). Personal knowledge may be inferred when the affidavit furnishes any information beyond a conclusory recital of such. *See Marek v. Tomoco Equip. Co.,* 738 S.W.2d 710, 714 (Tex.App.—Houston [14th Dist.] 1987, no writ). The Holekamp affidavit does recite it is made on personal knowledge. It further establishes that Holekamp is vice president of Llopa, Inc. and it can be inferred from the

context of the sworn statements that he participated in the dispute with Nagel over the amount owed on the note. Nagel offered no evidence to rebut the element of knowledge. Thus, had Holekamp simply sworn to the instruments, they would be before the court.

■ Documents submitted as summary judgment proof must be sworn to or certified. TEX.R. CIV. P. 166a(f). Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence. *St. Paul Companies v. Chevron, U.S.A., Inc.,* 798 S.W.2d 4, 5 (Tex.App.—Houston [1st Dist.] 1990, writ dism'd by agr.). It is not necessary to separately authenticate documentary evidence or to use "magic words" so long as the affiant has verified the accuracy of the documents. *Accord id.* at 6; *see also* PATTON, SUMMARY JUDGMENT, supra, § 6.06[1] at 82. The record on appeal does not contain authenticated copies of the note extension documents. As such they have no probative value to defeat the summary judgment. Appellant's second point of error is overruled.

■ Llopa addresses the third objection to evidence by asserting that the demand was not accurate or liquidated. It attached to the Holekamp affidavit a $3,000 canceled check and copies of ledger sheets for two notes held by the estate which do not show any credit for this payment. Appellant argues that Llopa is entitled to an inference that the estate's accounting, presented in the movant's evidence, is erroneous. We agree with Nagel, however, that this point is speculative at best. Holekamp states he is unable to recall whether the $3,000 was intended to pay interest on Llopa's note or to pay interest on another note Heiligmann held. The fact that there is no $3,000 credit on the ledger for either note is too speculative to overcome the summary judgment evidence. The inferences Llopa seeks to apply are insufficient to raise a fact issue. *See Morgan v. Amarillo Nat'l Bank,* 699 S.W.2d 930, 935 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.) (affidavit insufficient unless direct, unequivocal, and perjury can be assigned upon it). It has been suggested that a non-movant would

do better to seek a continuance under Rule 166a(g) and take the deposition of the movant's affiant to determine the basis for his calculations. *See* PATTON, SUMMARY JUDGMENT, supra, § 9.06[2][f] at 175. Appellant's third point of error is overruled.

After the trial court sustained the three objections and rendered summary judgment, Llopa filed a motion to file a late affidavit of Paul Holekamp. Neither the motion nor the late affidavit are in the record to review. Nagel's response recites that Holekamp's affidavit was executed three days after summary judgment was granted, is not based on personal knowledge, is conclusory, contains hearsay, and violates Rule 601(b) (dealing with statements of the deceased). Appellant argues that if the amended affidavit offends the dead man's statute, then the two extension instruments provide the necessary corroboration. It would appear that by holding a rehearing, the court provided the opportunity for Llopa to amend, but Llopa again failed to present evidence in admissible form. Appellant's fourth point of error is overruled.

### The Burden of Proof

In its fifth point of error, Llopa claims the trial court erred by misapplying the burden of proof with respect to appellant's cause of action. We agree. A defendant who moves for summary judgment must establish as a matter of law that the plaintiff had no cause of action against him. *Citizens First Nat'l Bank of Tyler v. Cinco Exploration Co.*, 540 S.W.2d 292, 294 (Tex.1976). The defendant/movant must show that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Id.* Alternatively, the defendant/movant who raises an affirmative defense which is dispositive of the plaintiff's cause of action, is entitled to summary judgment if he conclusively establishes all the elements of the affirmative defense. *Friendswood Development Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex.1996). Summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, plaintiff could not succeed upon any theory pled. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983). Thus, our first task is to determine whether the motion for summary judgment is attacking an element in Llopa's cause of action or conclusively establishing an affirmative defense.

The motion for summary judgment is identified as Counter-plaintiff's/Defendant's and refers generically to the pleadings, discovery responses, and affidavits as establishing that judgment is due as a matter of law. In the factual background, movant sets out the facts giving rise to the loan secured by a deed of trust, that when Llopa defaulted the note was accelerated, payment was demanded, and the property securing the note was posted for foreclosure. It also states that Llopa tendered $25,542.58 *without protest* to pay off the note in full. In return for full payment, the motion states that Nagel executed and delivered a release of lien which Llopa accepted and recorded. Nagel alleges that Llopa filed suit seeking return of monies it "unconditionally paid." The motion then focuses its grounds on its counterclaim for breach of contract and suit for declaratory judgment. Because the counterclaim is not unlike a defensive response raising an affirmative defense, we shall analyze it from that perspective.

Nagel characterized this dispute as a simple suit on a note and that it was his burden to establish as a matter of law that (1) there is a note, (2) that Nagel is the legal owner and holder of the note, (3) that Llopa is the maker of the note, and (4) that a certain balance is due and owing on the note. *See Blankenship v. Robins*, 899 S.W.2d 236, 238–39 (Tex.App.—Houston [14th Dist.] 1994, no writ). It is this last element that has been misapplied in the motion for summary judgment.

Everyone familiar with this case, except, apparently, Nagel, knows there is a letter from appellant's attorney to Nagel making payment in full under protest. There are also two extensions of the note which had been duly recorded in the county deed records. While Llopa relies heavily on these extensions, it failed to present them to the court in admissible form. Although the extensions themselves had no probative value at the summary judgment proceeding, we disagree with the trial court that there is no

evidence in the record which raises a fact issue on this point. The Holekamp affidavit attached to Llopa's summary judgment response specifically states that "[t]he amount demanded by Mr. Nagel in satisfaction of the note was paid under protest because it was more than I felt was owed. It was paid under pressure because Mr. Nagel had posted the security property for foreclosure and had made known his intention to go forward with the sale." That statement and the Henry protest letter itself directly controvert Nagel's statement that he has "no knowledge of any agreement or contract between Alma Heiligmann and Llopa, Inc. which would alter the amount of monies owed as stated in the Real Estate Lien Note." Moreover, Nagel's lack of personal knowledge of a fact necessary to prove Llopa's cause of action does not conclusively prove that the fact does not exist. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 829 (Tex.1970); *Lesbrookton, Inc. v. Jackson,* 796 S.W.2d 276, 285 (Tex.App.—Amarillo 1990, writ denied). Taking Holekamp's statements as true, as we must on a summary judgment motion, the amount owed is in dispute and Nagel is not entitled to a take-nothing judgment at this stage in the proceedings. *See MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Lesbrookton, Inc., supra.* Appellant's point of error number five is sustained.

Appellant's points of error six through eight all go to the merits of its claim. Because we must reverse the summary judgment on point of error number five, we decline to discuss these points of error.

### Attorney's Fees Claim

█ In appellant's ninth point of error, it claims the Court erred in upholding Nagel's counterclaims for breach of contract and declaratory relief and in awarding attorney fees on these bases. We agree. Damages cannot be based on a declaratory judgment action when the dispute is already mature and pending in court between the parties. *Tucker v. Graham,* 878 S.W.2d 681, 683 (Tex. App.—Eastland 1994, no writ) (citing *South-*

*ern Traffic Bureau v. Thompson,* 232 S.W.2d 742 (Tex.Civ.App.-San Antonio 1950, writ ref'd n.r.e.)).

█ Nagel claims that this is simply a suit based on contract and authorized by statute. Nagel offered proof in the form of attorney Bill Palmer's affidavit which he claims Llopa failed to controvert. However, there was no evidence of breach of contract. The note was allegedly overpaid. In essence what appellee is urging is that appellant breached its duty under the note by overpaying it and then seeking a refund through litigation. That approach has skewed the entire proceeding. Appellee cannot claim fees for collection when he is actually defending an overpayment of the note. Appellant's ninth point of error is sustained.

On a cross-point, Nagel argues that the court's award of attorney fees was too small, that it should have been at least 10%, pursuant to the note. From the record before us, however, Llopa was exercising its right of action to recover excess payments, thus, there is no breach of contract triggering fees under the note. Appellee's cross-point of error is overruled.

### Conclusion

Appellant's points of error five and nine are sustained. Appellee's cross point of error is overruled. The summary judgment is reversed and remanded to the trial court for further proceedings.

GREEN, Justice, dissenting.[1]

The majority holds that a non–movant can defeat a summary judgment through the use of conclusory and equivocal affidavits. This departure from well–known principles governing the competency of summary judgment affidavits is unexplained, so I must respectfully dissent.

### *Facts*

This is a straightforward case. Nagel demanded payment of amounts owing on a real estate lien note. LLOPA protested that the

---

**1.** On this date the majority denies the appellees' motion for rehearing. I withdraw my March 31, 1997 dissent and substitute this one.

demand was too high, but went ahead and paid the amount demanded to avoid foreclosure on the property securing the note and sued for the claimed overpayment. On motion for summary judgment, Nagel proved that the amount paid by LLOPA was the proper amount due on the note. Accordingly, Nagel was entitled to summary judgment unless LLOPA presented competent summary judgment proof raising a fact issue concerning the amount due. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). The trial court evidently found LLOPA had failed to raise a fact issue and granted Nagel's motion for summary judgment.

### Discussion

The majority reverses the summary judgment on the basis that the trial court misapplied the burden of proof, holding, unaccountably, that Nagel's own affidavit created a fact issue on the amount due when he said he had *"no knowledge* of any agreement or contract . . . which would alter the amount of monies . . . ."* (emphasis mine). Slip op. at 89. Nagel's disclaimer, according to the majority, is directly controverted by LLOPA's affidavit that it paid, under protest, "more than [it] felt was owed." *Id.* Neither of these statements, however, assert unequivocal facts that conflict on a material issue. Rather, the former statement *denies* knowledge of a material fact, while the latter statement asserts only a subjective belief. More importantly, in apparent reference to two note extension agreements that were not part of the record, the majority asserts that "Nagel's lack of personal knowledge of a fact necessary to prove LLOPA's cause of action does not conclusively prove that the fact does not exist." *Id.* This latter assertion demonstrates that it is the majority, not the trial court, that has misapplied the burden of proof. As noted above, in order to prevail on his motion for summary judgment, Nagel was not required to prove that the two extension agreements did not exist or that they did not affect the amount due. Indeed, the supreme court has held that "[n]o longer must the movant negate all possible issues of law and fact that *could* be raised by the non–movant in the trial court but were not." *Clear Creek Basin*

*Auth.*, 589 S.W.2d at 678–79 (emphasis in original). Nagel was only required to prove the amount then due on the note, which he did. *See Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996) (right to summary judgment established by conclusively proving all elements of affirmative defense). Once that was done, it became LLOPA's burden to raise a fact issue to avoid summary judgment. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678–79.

As indicated, the majority appears to rely on the existence of two note extension agreements to bolster its argument that a fact issue was created. The assumption made is that Nagel won his summary judgment in the trial court *only* because LLOPA failed to prove up the agreements. But we cannot know, because the agreements are outside the record, whether they would have affected the amount due on the note. However, even as the majority reiterates the inadmissibility of the extension agreements, they are nonetheless drawn into the analysis by the assertion that LLOPA's affidavits "directly controvert" Nagel's disclaimer of any agreements that "would alter the amount of monies owed." It is precisely this "controverted proof" on which the majority reverses the case.

LLOPA's summary judgment evidence consisted entirely of two affidavits. In the first, Paul Holekamp, LLOPA's representative, testified that the amount paid to Nagel "was paid under protest because it was more than I felt was owed," and that it "was excessive because it failed to reflect the two Extension of Note and Lien instruments." In the second affidavit, Michael Henry, LLOPA's attorney, authenticated a letter he sent to Nagel at the time of payment wherein he stated the payment to Nagel was "involuntary and under protest" and that LLOPA "retain[ed] all rights . . . arising out of the overpayment . . . ."

At best, the Holekamp affidavit consisted of no more than his subjective belief that LLOPA paid more than was owed under the note. Actually, it is worse than that. The affidavit expresses only Holekamp's *feelings* about what was owed, omitting any factual

basis for his feelings. The statement is an obvious conclusion and far from an assertion of fact. Also conclusory is the statement that the payment was excessive because it lacked a factual basis. Without an assertion of fact placing the amount owed on the note in dispute, the affidavit is incompetent to avoid summary judgment. "[S]ubjective beliefs are no more than conclusions and are not competent summary judgment evidence." *Texas Division–Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994) (per curiam); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984) ("Affidavits consisting only of conclusions are insufficient to raise an issue of fact."); *Hidalgo v. Surety Sav. & Loan Assoc.*, 487 S.W.2d 702, 703 (Tex. 1972) (per curiam) (conclusions are not competent summary judgment evidence). The attorney's letter stating that LLOPA was paying under protest and reserved all rights also fails to raise a fact issue on the amount due on the note. The statement merely expresses an intention to make a claim in that regard.

Because the rules governing the competency of affidavits are so well–settled, they are difficult to overlook when determining the validity of summary judgment affidavits. And indeed the majority has not made that mistake. In fact, the majority recognizes and correctly applies the law by dismissing as incompetent that portion of Holekamp's affidavit attempting to convert LLOPA's interrogatory answers into summary judgment proof "because the affidavit does not set out the facts themselves unequivocally and in admissible form so that they might be tested for perjury," citing *Brownlee* and other authorities. Slip op. at 87. Clearly, then, it is not a misunderstanding of the law that leads to the majority's erroneous conclusion in this case. It is instead an inconsistent application of the law that allows the result here.

The majority gives probative force to such conclusory and equivocal statements as "I paid more than I felt was owed," while disregarding the rules for admissibility it had previously applied. What the majority ap-

pears to have done is string together a series of inadmissible "facts" surmised from LLOPA's incompetent affidavits, combine them with facts not in evidence, *i.e.*, the note extension agreements, and arrive at an inference deemed sufficient to create a fact issue on the amount due on the note. Although all reasonable inferences must be indulged in favor of the non–movant, *see Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex. 1985), no inferences can be drawn in the absence of facts. Without a factual basis, any asserted inference is no more than speculation and is unreasonable. The majority acknowledged this when it overruled LLOPA's first point of error, correctly rejecting as speculative LLOPA's attempt to draw an inference from inconclusive accounting records. See Slip op. at 86–87. But the principle was inexplicably disregarded when the majority found that a fact issue was raised even in the absence of any true facts asserted by LLOPA.

### Conclusion

The majority concludes its analysis by holding that "the amount owed is in dispute" and Nagel was not entitled to a summary judgment. This conclusion can only be arrived at by unreasonably inferring facts in the absence of any facts, and by considering evidence that cannot be considered. The holding is based on a series of meaningless statements that, when taken together, raise no more than a mere suspicion that LLOPA paid too much on the note. In short, there is no evidence that the amount owed is in dispute.

Because LLOPA failed to adequately controvert Nagel's summary judgment proof, the summary judgment in favor of Nagel should be affirmed. Accordingly, I dissent.[2]

---

2. I also disagree with the majority's heavy criticism of Nagel for taking what the majority apparently considers to be an unreasonable position that LLOPA had unconditionally tendered its note payment without protest. The majority writes that "[e]veryone familiar with this case,

except, apparently, Nagel, knows there is a letter from appellant's attorney to Nagel making payment in full under protest." Slip op. at 88. The criticism is unfair. A careful reading of the pleadings shows Nagel's position was based on the unconditional nature of the cashier's check that was delivered to Nagel by LLOPA. *See* TEX. BUS. & COM. CODE ANN. § 3.106 (Vernon Supp. 1997). The cashier's check failed to reference any express condition to payment and was thus

an unconditional payment by virtue of the statute.