Opinion filed June 7, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00151-CV 

                                                    __________

 

HEIRS OF BERNARDO DEL REAL TO WIT: CARMEN DEL REAL
HERRERA; LYDIA DEL REAL SELVERA; ROSALINDA DEL REAL GUTIERREZ; REFUGIO DEL
REAL; MANUEL DEL REAL JR.; AND JOHN DEL REAL ALL INDIVIDUALLY AND ON BEHALF OF BERNARDO
DEL REAL, DECEASED, AND ON BEHALF OF THE ESTATE OF BERNARDO DEL REAL, Appellants

 

                                                             V.

 

                                       ROBERT
EASON, Appellee



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                     Trial
Court Cause No. 022205 

 



 

                                                                  O
P I N I O N

            Appellants
alleged that they are heirs of Bernardo Del Real, deceased.  They brought this
action pursuant to 42 U.S.C. § 1983,[1]
alleging that Del Real contracted a staph infection while a prisoner at the
Texas Department of Criminal Justice French Robertson Unit and that the
infection ultimately caused Del Real’s death.  Appellee, Robert Eason, is the
former senior warden of the French Robertson Unit.  Appellants alleged that
appellee had acted with deliberate indifference to Del Real’s serious medical
needs and safety.  Appellee filed no-evidence and traditional motions for
summary judgment. The trial court granted appellee’s motions and entered a
judgment that appellants take nothing by their suit against appellee.  In this
appeal, appellants contend that the trial court erred by granting summary
judgment to appellee.  We affirm.  

Proceedings
in Trial Court

            In
Cause Number 021958 in the trial court, appellants sued the State of Texas; the
Texas Department of Criminal Justice (TDCJ); and appellee, in his individual
and official capacities.  Appellants alleged state law claims and federal
claims against the defendants.  Appellants’ federal claims against appellee
were based on his alleged deliberate indifference to Del Real’s serious medical
needs and safety.

            TDCJ
filed a motion to dismiss appellants’ claims against appellee.  In its motion,
TDCJ asserted that appellants’ claims against appellee should be dismissed
under Section 101.106(e) of the Texas Tort Claims Act.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)
(West 2011).  Appellee filed no-evidence and traditional motions for summary
judgment relating to appellants’ federal claims under Section 1983.  Appellee
asserted, among other things, that there was no evidence (1) that he had acted
with deliberate indifference to Del Real’s medical needs or (2) that he had
been personally involved in any of the alleged deprivations of Del Real’s
rights or liberties under the U.S. Constitution.  Appellants filed a response
to TDCJ’s motion to dismiss and appellee’s motions for summary judgment.

            The
trial court held a hearing on the motion to dismiss and the motions for summary
judgment.  At the hearing, appellants agreed that their state law claims
against appellee should be dismissed.  Following the hearing, the trial court
entered an order dismissing appellants’ state law claims against appellee.  The
trial court also entered a judgment in which it granted appellee’s no-evidence
and traditional motions for summary judgment.  The trial court concluded in the
judgment “that there is no evidence that [appellee] violated the constitutional
rights of the deceased.”  The trial court entered an order severing appellants’
claims against appellee from the remainder of the claims in Cause Number
021958.  Therefore, the trial court’s judgment disposing of appellants’ claims
against appellee became final and appealable.  The severed cause was assigned
Cause Number 022205.

            In
this appeal, appellants challenge the trial court’s granting of summary
judgment to appellee on their Section 1983 claims.  They do not challenge the
trial court’s dismissal of their state law claims against appellee.

Issues
on Appeal

            In
two appellate issues, appellants contend that the trial court erred by granting
summary judgment to appellee.  In their first issue, appellants contend that
appellee did not establish his affirmative defense of qualified immunity as a
matter of law.  In their second issue, appellants contend that a genuine issue
of material fact exists as to whether appellee acted with deliberate
indifference to Del Real’s serious medical needs and safety.

Standard
of Review

            We
will first review the trial court’s summary judgment under the no-evidence
motion for summary judgment standards set forth in Rule 166a(i) of the Rules of
Civil Procedure.  Tex. R. Civ. P.
166a(i).  When a no-evidence motion for summary judgment is filed, the burden
shifts to the nonmoving party to present evidence raising an issue of material
fact as to the elements specified in the motion.  Mack Trucks, Inc. v. Tamez,
206 S.W.3d 572, 582 (Tex. 2006).  A trial court must grant a proper no-evidence
motion for summary judgment unless the nonmovant produces more than a scintilla
of probative evidence to raise a genuine issue of material fact on the
challenged elements of the claim.  Rule 166a(i); Ford Motor Co. v. Ridgway,
135 S.W.3d 598, 600 (Tex. 2004); Wal-Mart Stores, Inc. v. Rodriguez, 92
S.W.3d 502, 506 (Tex. 2002).  We review a no-evidence summary judgment under
the same standard as a directed verdict.  King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 750–51 (Tex. 2003).  We review the evidence in the light most favorable
to the party against whom the summary judgment was rendered, crediting evidence
favorable to that party if reasonable jurors could and disregarding contrary
evidence unless reasonable jurors could not.  Tamez, 206 S.W.3d at 582; City
of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005); Johnson v. Brewer
& Pritchard, P.C., 73 S.W.3d 193, 208 (Tex. 2002).  We may not consider
any evidence presented by the movant unless it creates a fact question.  Binur
v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004).




 

Applicable
Law

            Section
1983 creates a private right of action to vindicate violations of rights,
privileges, and immunities secured by the Constitution and laws of the United
States.  Rehberg v. Paulk, 132 S.Ct. 1497, 1501 (2012).  A prison
official’s deliberate indifference to a substantial risk of serious harm to a
prisoner violates the Eighth Amendment’s prohibition against cruel and unusual
punishment.  Farmer v. Brennan, 511 U.S. 825, 828 (1994); Estelle v.
Gamble, 429 U.S. 97, 104 (1976).  Deliberate indifference is an extremely
high standard to meet.  Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir.
2006).  To establish deliberate indifference, a prisoner must show that the prison
official knew of and disregarded an excessive risk to the prisoner’s health or safety. 
Farmer, 511 U.S. at 837.  The prisoner must show both that the official
was aware of facts from which the inference could be drawn that a substantial
risk of serious harm existed and that the official actually drew the
inference.  Id.  

            Additionally,
a Section 1983 claim cannot be premised on a respondeat superior theory.  Ashcroft
v. Iqbal, 556 U.S. 662, 676 (2009).  Thus, supervisors, such as prison
wardens, are not liable for subordinates’ actions on any vicarious liability
theory.  Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002); Thompkins
v. Belt, 828 F.2d 298, 303–04 (5th Cir. 1987).  A supervisor may be held
liable under Section 1983 if (1) he is personally involved in the
constitutional deprivation, (2) a sufficient causal connection exists between
the supervisor’s wrongful conduct and the constitutional deprivation, or (3) he
implements a policy so deficient that the policy itself is a repudiation of
constitutional rights and is the moving force behind a constitutional
deprivation.  Thompkins, 828 F.2d at 304.        

Analysis

            Appellants
alleged that appellee acted with deliberate indifference to Del Real’s serious medical
needs and safety.  Once appellee filed his no-evidence motion for summary
judgment, the burden shifted to appellants to present evidence raising an issue
of material fact as to whether appellee acted with deliberate indifference to
Del Real’s serious medical needs or safety.  Tamez, 206 S.W.3d at
582.    

            A review
of the record shows that appellants did not present any competent summary
judgment evidence in response to appellee’s motions for summary judgment.  Appellants
filed “Plaintiff’s Response to Warden Eason’s Motion(s) for Summary Judgment(s)
and Dismissal(s).”  Appellants also filed a document that they entitled “Attachments
and Exhibits for Plaintiff’s Response to Warden Eason’s Motion(s) for Summary
Judgment(s) and Dismissal(s).” In this document, appellants requested the trial
court to take judicial notice of their “Attachments 1-13,” their Second Amended
Petition, and “the additional Exhibits attached hereto.” “Attachments 1-13”
were not attached to the “Attachments and Exhibits” document.  Instead,
“Attachments 1-13” were apparently attached to appellants’ original petition.  “Attachments
1-13” are not included in the appellate record.  Appellants attached four exhibits
to the “Attachments and Exhibits” document.  Appellants did not present any
summary judgment evidence authenticating or verifying their “Attachments 1-13”
or exhibits.  

            Appellants
did not file any affidavits in support of their response to appellee’s motions
for summary judgment.  Appellants included a section entitled “Factual
Excerpts” in their “Attachments and Exhibits” document.  In their “Factual
Excerpts,” appellants cited some of their “Attachments 1-13” and exhibits.  The
“Factual Excerpts” were not supported by affidavit or other summary judgment proof. 


            Appellants’
pleadings and unauthenticated documents did not constitute competent summary
judgment evidence.  Pleadings are not competent summary judgment evidence, even
if sworn or verified.  Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,
904 S.W.2d 656, 660 (Tex. 1995); Zeifman v. Nowlin, 322 S.W.3d 804, 808
(Tex. App.—Austin 2010, no pet.).  Unverified documents attached to pleadings
are not proper summary judgment evidence.  Rath v. State, 788 S.W.2d 48,
50 (Tex. App.—Corpus Christi 1990, writ denied).  Documents submitted as
summary judgment proof must be sworn to or certified.  Tex. R. Civ. P. 166a(f); Llopa, Inc. v. Nagel, 956
S.W.2d 82, 87 (Tex. App.—San Antonio 1997, writ denied).  Thus, unauthenticated
or unsworn documents do not constitute competent summary judgment evidence.  Kleven
v. Tex. Dep’t of Criminal Justice–I.D., 69 S.W.3d 341, 345 (Tex. App.—Texarkana
2002, no pet.); Lopa, Inc., 956 S.W.2d at 87.    

            Appellants
did not present any summary judgment evidence raising a genuine issue of
material fact as to whether appellee acted with deliberate indifference to Del
Real’s serious medical needs or safety.  Therefore, appellants did not meet
their summary judgment burden under Rule 166a(i).  Ridgway, 135 S.W.3d
at 600.  We note that appellants’ “Factual Excerpts” and the exhibits to their
“Attachments and Exhibits” document do not make any references to appellee or
his conduct.  Thus, even assuming that the “Factual Excerpts” and exhibits were
competent summary judgment evidence, appellants failed to raise a fact issue on
whether appellee acted with deliberate indifference to Del Real’s serious
medical needs or safety.              

            Because
appellants did not meet their burden under Rule 166a(i), the trial court did
not err in granting summary judgment in favor of appellee, and we need not
consider whether appellee satisfied his burden for obtaining a traditional
summary judgment under Tex. R. Civ. P. 166a(c)
on his qualified immunity defense.  Appellants’ issues on appeal are overruled.

This
Court’s Ruling

            The trial court’s
judgment is affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

June 7, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.

 









                [1]State courts have concurrent jurisdiction with federal
courts to adjudicate Section 1983 claims.  Haywood v. Drown, 556 U.S.
729, 735 (2009); Howlett ex rel. Howlett v. Rose, 496 U.S. 356, 367
(1990).