**Opinion issued July 8, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-10-01153-CV

_____

**KAREN KRISTINE SILVIO, Appellant**

**V.**

**MICHAEL B. NEWMAN, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Case No. 945526**

---

## MEMORANDUM OPINION

Appellant, Karen Kristine Silvio, sued appellee, Michael B. Newman, alleging legal malpractice, fraud, negligent misrepresentation, and breach of fiduciary duty. Newman counterclaimed, asserting breach of contract and suit on

a sworn account. The trial court granted three summary judgments—one finding Silvio liable on Newman's breach-of-contract counterclaim, one a no-evidence summary judgment in Newman's favor on Silvio's claims, and one in Newman's favor on damages connected to Silvio's breach of contract—culminating in a final judgment in Newman's favor. We affirm.

## BACKGROUND

Silvio retained Newman to represent her in a probate dispute with her siblings over property deeded to Silvio before her mother died. When a dispute arose about Silvio's payments to Newman, Newman withdrew from the case. Silvio then sued Newman, alleging legal malpractice, fraud, negligent misrepresentation, and breach of fiduciary duty. Among Silvio's complaints were that "[w]ith the exception of going back and forth on Discovery with the opposing Counsel on Plaintiff's Discovery and Interrogatories and after $14,300.00 the Plaintiff is left to answer to these questions on her own and with no experience and pray that she can answer to the good enough to be accepted by the Courts." Silvio also alleged Newman had misrepresented that one of his associate attorneys was licensed to practice in Texas.

Newman denied Silvio's allegations and filed a counterclaim, asserting breach of contract and suit on a sworn account. Newman then filed a motion for partial summary judgment on these claims against Silvio, to which he attached

2

evidence of his contract with Silvio as well as invoices he had sent to her, which remained unpaid. Newman also attached his own affidavit, in which he verified that his exhibits were true and correct. His motion showed that Silvio had not filed a sworn denial of the account, as required by Texas Rule of Civil Procedure 185. Silvio responded to the motion for partial summary judgment, asserting among other things that "[Newman] did not fully explain the contract to [Silvio] in way of the retainer fee of $10,000," and that there were "duplicated billings on the invoice." However, Silvio did not provide any affidavits to support her assertions, nor did she verify that the exhibits she attached to her response were true and correct. Thereafter, the trial court granted Newman's motion for partial summary judgment and rendered judgment in Newman's favor in the amount of $7,058.04.

Newman next filed a no-evidence motion for summary judgment on Silvio's legal malpractice, fraud, negligent misrepresentation, and breach of fiduciary duty claims. Silvio responded, claiming that Newman committed fraud by billing her for services never rendered and that he took money from her with no intention of continuing to represent her. She also claimed that he committed malpractice by not filing any motions on her behalf during the first 77 days of his representation of her and that "[i]f [Newman] and his Attorney would have done their legal research in regards to the elements of a valid conveyance of General Warranty Deeds in Texas then he would have filed the proper motions rather then [sic] just looking for

3

a way to 'settle.'" As to her negligent misrepresentation claim, Silvio claimed that Newman invoiced her for phone calls that were never made and that he required her to sign a promissory note even though he never intended to continue representing her. Finally, Silvio claimed that Newman breached his fiduciary duties to her based on many of the same allegations mentioned above. Again, Silvio did not file an affidavit to support the allegations in her pleading, nor did she swear that the documents she attached to her response were true and correct. The trial court granted Newman's no-evidence motion for summary judgment, "find[ing] that Plaintiff Karen Kristin Silvio has not produced any evidence of her causes of action against Defendant Michael B. Newman for fraud, negligent misrepresentation, negligence, or breach of fiduciary duty."

Finally, Newman filed a motion for summary judgment as to the amount of attorney's fees incurred in prosecuting his breach-of-contract claim against Silvio, attaching his own affidavit and the affidavit of attorney Kristin Necessary in support thereof, along with other documentary evidence. The record contains no response from Silvio. A month later, the trial court granted Newman's third motion for summary judgment and awarded him attorney's fees in the amount of $45,263.66. In the same document, the trial court entered a final judgment, including pre- and post-judgment interest, plus conditional attorney's fees in the event of an unsuccessful appeal by Silvio.

Silvio then filed this appeal, alleging that (1) she "was not allowed the opportunity by the Court to prove that she was denied due process"; (2) "[t]he trial court heard evidence of attorneys' fees without a jury present as fact finder and entered judgment on its own finding as to the amount of reasonable and necessary fees in the case"; (3) "the Court showed partiality to [Newman] over [Silvio] which obstructed justice"; (4) the trial court erred in not construing her court submissions liberally and holding her to "less stringent standards than submission of lawyers"; (5) the trial court erred in allowing Newman to bring a no-evidence motion for summary judgment on an affirmative defense; and (6) that "[o]bstruction of Justice activity resulted in erroneous ruling and a favorable outcome for [Newman]." We will address each issue, respectively.

## SUMMARY JUDGMENT PROCEDURE

In her first issue, Silvio argues that she "was not allowed the opportunity by the Court to prove that she was denied due process." She claims that she was tricked when twice she appeared in court and was handed a summary judgment that the trial court had granted outside her presence. In issue two, appellant complains that the trial court "heard evidence of attorneys' fees without a jury present as fact finder and entered judgment on its own finding as to the amount of reasonable and necessary fees in this case." In issue three, Silvio contends the trial court violated the rules of Judicial Conduct by showing "partiality to [Newman]

5

over [Silvio] which obstructed justice," by, among other things, determining attorney's fees without a jury and engaging in "trickery" by signing a summary judgment, even though she was appearing in in Court for another reason on the day she was handed the signed summary judgment. Finally, in issue six, Silvio again complains that "obstruction of justice activity resulted in erroneous ruling and a favorable outcome for [Newman]" because she was "denied the opportunity to be heard." Indeed, Silvio argues that she "was summoned to appear in court under false pretenses of other matters only to be handed this Summary Judgment, being denied due process." And, in the argument section of her brief, Silvio contends that "there was excessive abuse of summary judgments," and that "she had an expert witness prepared to testify on her behalf."

As such, it appears that Silvio is not attacking the merits of the summary judgments, but is arguing that the summary judgment procedure itself deprives her of due process because it prevents her from presenting her case to a jury, which she requested. We disagree.

Summary judgment proceedings have long been recognized in the law, and this procedure does not deny a party the right to have a remedy by due course of law in open court. *Lattrell v. Chrysler Corp.*, 79 S.W.3d 141, 149 (Tex. App.—Texarkana 2002, pet. denied). The summary judgment rule has been in effect since 1950, and courts have consistently upheld its validity under the due process clause.

*Id.* at 150. Also, summary judgment under Texas Rule of Civil Procedure 166a does not deprive a party of the constitutional right to a jury trial. *See Fidelity & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319–21 (1902) (summary judgment does not violate Seventh Amendment); *Lattrell*, 79 S.W.3d at 150–51 (discussing Texas Rule of Civil Procedure 166a(i)). Likewise, due process does not require an oral hearing on a motion for summary judgment. *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (per curiam).

Even if we were to assume that that Silvio is actually challenging the merits of the summary judgments by arguing that her responses to the Newman's motion for summary judgment on his breach of contract claim and his no-evidence motion for summary judgment raised fact issues precluding summary judgment, we note that, while both responses argued extensively about the reasons Silvio believed summary judgment was inappropriate, she did not provide any affidavits attesting to the truth of the facts asserted in her pleadings. Similarly, she did not verify the documents attached to her responses. "Pleadings are not competent summary judgment evidence, even if sworn or verified." *Heirs of Del Real v. Eason*, 374 S.W.3d 483, 487 (Tex. App.—Eastland 2012, no pet.) (citing *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995); *Zeifman v. Nowlin*, 322 S.W.3d 804, 808 (Tex. App.—Austin 2010, no pet.)). "Unverified documents attached to pleadings are not proper summary judgment evidence." *Id.*

7

at 488 (citing *Rath v. State*, 788 S.W.2d 48, 50 (Tex. App.—Corpus Christi 1990, writ denied)). "Documents submitted as summary judgment proof must be sworn to or certified." *Id.* (citing TEX. R. CIV. P. 166a(f); *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, writ denied)). "Thus, unauthenticated or unsworn documents do not constitute competent summary judgment evidence." *Id.* (citing *Kleven v. Tex. Dep't of Criminal Justice–I.D.*, 69 S.W.3d 341, 345 (Tex. App.—Texarkana 2002, no pet.); *Llopa, Inc.*, 956 S.W.2d at 87).

For these reasons, we overrule issues one, two, three, and six.

## INTERPRETING PRO SE DOCUMENTS

In her fourth issue, Silvio contends that the trial court erred in failing to construe her pro se filings liberally and hold her to less stringent standards than submissions by attorneys. It is true that courts must liberally construe pro se pleadings and briefs. *Washington v. Bank of N.Y.*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.) However, courts must also hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington*, 362 S.W.3d at 854. To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet.

denied). There is nothing in the record to indicate that the trial court failed to comply with these standards.

We overrule Silvio's fourth issue on appeal.

**NO-EVIDENCE SUMMARY JUDGMENT ON AFFIRMATIVE DEFENSE**

In her fifth issue on appeal, Silvio, citing *Quanaim v. Frasco Rest. & Catering*, 17 S.W.3d 30, 41–42 (Tex. App.—Houston [14th Dist.] 2000, pet. denied), argues that the trial court erred in granting Newman's no-evidence motion for summary judgment because a no-evidence motion cannot be used to establish an affirmative defense. We agree with the proposition of law cited in *Quanaim*, but note that Newman's no-evidence motion attacked Silvio's causes of action; it did not address any affirmative defense by him.

Accordingly, we overrule Silvio's fifth issue on appeal.

**CONCLUSION**

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

9