

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00052-CV

UNIQUE INSURANCE COMPANY AS SUBROGEE
OF CODRU BROTHERS INC., Appellant

V.

UNION PACIFIC RAILROAD COMPANY AND TEXAS IRON & STEEL, LLC, Appellees

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2022-495-CCL2

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Unique Insurance Company, as subrogee of Codru Brothers Inc., sued Union Pacific Railroad Company and Texas Iron & Steel, LLC, for damages to Codru Brothers' trailer after it was struck by a train at a private railroad crossing. Union Pacific and Texas Iron filed no-evidence motions for summary judgment. After a hearing, the trial court granted both motions. Unique appeals, claiming that the trial court erred in granting the summary judgments because it provided some evidence that Union Pacific and Texas Iron were negligent in causing the crossing accident. Because we conclude that Unique provided no summary judgment evidence, we affirm the trial court's order.[1]

I.      **Background**

Unique's live petition[2] at the time of the summary judgment hearing alleged that a Codru Brothers' delivery driver drove a tractor-trailer owned by Codru Brothers to pick up a load of steel from Texas Iron. Before the driver left with his load, a Texas Iron employee told the driver to try and cross the tracks but that, if he was unable to cross, someone would come with a forklift to assist him. When the driver attempted to cross, the trailer got stuck on the tracks. The driver initially alerted Texas Iron of this development and then alerted Union Pacific. Union Pacific

---

[1]The trial court entered two separate summary judgment orders. The order granting Texas Iron's motion dismissed all of plaintiff's claims with prejudice. The order granting Union Pacific's motion did not contain that language. On March 1, 2023, the trial court entered its order of dismissal with prejudice as to all of plaintiff's claims against Union Pacific. Unique appeals that final order.

[2]Unique's original petition was filed on April 4, 2022. Its amended petition was filed on April 27, 2022.

was unable to contact the engineer of an approaching train, which collided with the trailer, totaling it.[3]

As a result of those events, Unique leveled claims of negligence against Union Pacific, claiming that its engineer (1) failed to maintain a proper lookout, (2) failed to take proper evasive action to avoid colliding into the vehicle, and (3) failed to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances. As for Texas Iron, Unique claimed that its employee failed to act as a reasonably prudent person would have acted under the same or similar circumstances when he advised the truck driver to try and cross the tracks.

In January 2023, Union Pacific and Texas Iron both filed no-evidence motions for summary judgment requesting the trial court to enter judgments concluding that Unique had no evidence to establish its negligence claims against them. More specifically, both Union Pacific and Texas Iron claimed that Unique provided no evidence (1) that Union Pacific or Texas Iron breached their duties to appellant, (2) that the alleged breach proximately caused appellant's damages, and (3) that appellant was damaged as a result of the alleged breach. Union Pacific and Texas Iron also claimed that, since the inception of the lawsuit nine months hence, Unique had neither served written discovery nor requested depositions.[4]

In its joint response to the summary judgment motions, Unique argued that Texas Iron and Union Pacific had a duty to keep the private railroad crossing in a safe condition and that

[3]The driver got out of his truck before the collision and was uninjured.

[4]In its motion, Union Pacific pointed out that the trial court's scheduling order set a January 12, 2023, deadline for filing dispositive motions.

3

they failed to maintain that duty, stating that each were negligent for a premises defect and for "an activity or instrumentality." Unique claimed that the issue of whether the railroad crossing was unsafe due to its grade was a jury question. Unique also argued that Union Pacific had a duty to provide a reasonable and timely warning of an approaching train. Unique claimed that this issue presented a fact question for the jury. In support of those allegations, Unique attached three unsworn exhibits.

Texas Iron filed objections to the joint response, asking the trial court to strike the unsworn exhibits as improper, inadmissible summary judgment evidence. Exhibit A to Unique's response was a three-page, unsigned "Accident Report Form" apparently made in connection with an insurance claim. Texas Iron pointed out that Exhibit A was "a copy of a document that [was] unsupported by an affidavit by a person with knowledge of the facts attesting that it [was] a true and correct copy." Texas Iron also complained that the "sworn statement" on page three of Exhibit A was not sworn and failed to comport with the requirements of Rule 166a of the Texas Rules of Civil Procedure.

Texas Iron also pointed out that Exhibits B and C, respectively consisting of (1) photographs Unique relied on to "support its factual contention that the railroad crossing was not flat" and (2) a Google map purporting to support Unique's contentions "regarding the distance between the railroad crossing and a Marmon Railroad Services-Longview Shop," were both attached to the joint response with no supporting affidavits attesting to their authenticity. The trial court sustained Texas Iron's objections to Exhibits A, B, and C attached to Unique's joint response and granted the motions for summary judgment.

## II. Standard of Review

"We review an order granting summary judgment de novo, taking as true all evidence favorable to the nonmovant and indulging every reasonable inference in the nonmovant's favor." *JLB Builders, L.L.C. v. Hernandez*, 622 S.W.3d 860, 864 (Tex. 2021) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). "[A] party may obtain a no-evidence summary judgment when 'there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.'" *Id.* (quoting TEX. R. CIV. P. 166a(i)). "A properly filed no-evidence motion shifts the burden to the nonmovant to present evidence raising a genuine issue of material fact supporting each element contested in the motion." *Id.* (citing TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). "[A] no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (citing TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002)).

## III. The Trial Court Did Not Err in Granting the No-Evidence Motions for Summary Judgment

On appeal, Unique claims that it provided some evidence that Texas Iron and Union Pacific were negligent in causing the accident in question. We disagree.

"The same evidentiary standards that apply in trials also control the admissibility of evidence in summary judgment proceedings." *Young Fam. Revocable Tr. v. Young*, No. 06-22-00054-CV, 2023 WL 3139001, at *6 (Tex. App.—Texarkana Apr. 28, 2023, no pet.) (mem. op.) (citing *United Blood Servs. v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997) (per curiam)). As was

the case here, "[m]erely attaching unauthenticated documents and photographs to a response does not make the attachments competent summary judgment evidence." *Paselk v. Rabun*, 293 S.W.3d 600, 611 (Tex. App.—Texarkana 2009, pet. denied). "Documents submitted as summary judgment proof must be sworn to or certified," *Mackey v. Great Lakes Inv., Inc.*, 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet. denied) (citing TEX. R. CIV. P. 166a(f)), and "[u]nauthenticated or unsworn documents . . . are not entitled to consideration as summary judgment evidence," *Young*, 2023 WL 3139001, at *6 (citing *Consol. Healthcare Servs. v. Mainland Shopping Ctr.*, 589 S.W.3d 915, 923–24 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Llopa, Inc. v. Nagal*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, pet. denied)).

Even though none of the three exhibits attached to Unique's joint response were sworn or certified, Unique argues that they are nevertheless competent summary judgment evidence. In support of this argument, Unique contends that, because the documents attached to its summary judgment response were provided as part of its initial disclosures, those documents were proper summary judgment evidence. Unique cites no authority in support of this proposition, and we are aware of none.

Because Unique failed to meet its burden to present evidence raising a genuine issue of material fact supporting each element contested in the motion, the trial court properly granted the no-evidence motions for summary judgment.

6

## IV. Conclusion

We affirm the trial court's order.

Charles van Cleef
Justice

Date Submitted:     September 27, 2023
Date Decided:       September 28, 2023